IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH ASHFORD | : | No. **3:11-CV-1060** |
| | : | |
| **Petitioner** | : | **(JUDGE NELSON)** |
| | : | |
| **vs.** | : | |
| | : | |
| MIKE WENEROWICZ, ET AL., | : | **(Magistrate Judge Smyser)** |
| | : | |
| **Respondents** | : | |

## RESPONDENT'S REPRODUCED RECORD

Respectfully submitted,

Duane Ramseur
Senior Deputy Prosecutor
Office of the District Attorney
Supreme Court I.D. # 206132
York County Judicial Center
45 North George Street
York, PA 17401
(717) 771-9600

# **TABLE OF CONTENTS**

## **Volume I**

1. Trial Transcripts ................................................................................................... 1

2. Verdict.................................................................................................. 266

3. Motion for Arrest of Judgment.................................................................. 272

4. Trial Court's May 26, 2009 Order Returning Motion for Arrest of Judgment.......... 279

5. Supplemental Motion ..................................................................................... 280

6. Transcript on Hearing on Counsel's Motion to Withdraw ......................................... 284

7. Trial Court's Order granting Counsel's Motion to Withdraw .................................... 292

## **Volume II**

8. Sentencing Transcript..................................................................................... 293

9. Notice of Appeal ............................................................................................. 308

10. Direction To File 1925(b) Statement ........................................................ 339

11. 1925(b) Statement ......................................................................................... 340

12. 1925(a) Opinion ........................................................................................... 346

13. Motion for Extension of Time to File Brief ............................................................ 358

14. Certificate of Remittal.................................................................................. 361

15. Superior Court's Order of January 13, 2010 ......................................................... 364

16. Trial Court's Order of January 28, 2010 ............................................................... 365

17. Superior Court's Order Dismissing Appeal for Failure to File Brief........................ 366

18 Supreme Court's Order Denying Petition for Allowance of Appeal Nunc Pro Tunc 368

19. Petitioner's Federal Habeas Corpus Petition............................................................ 369

20. USDC Order ordering the Respondent's to Respond.................................................. 391

21. York County Court of Common Pleas Docketing Statement ................................... 393

22. Superior Court's Docketing Statement .................................................................... 412

23. Supreme Court's Docketing Statement .................................................................... 416

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,
PENNSYLVANIA



*CP-67-CR-0002467-2008*

COMMONWEALTH          :    CP-67-CR-0002467-2008
                      :
      VS              :
                      :
KENNETH WINSTON       :
ASHFORD               :

                           (Sentence)

        York, Pa., Monday, July 6, 2009

     Before the Honorable Thomas H. Kelley, VI, Judge


APPEARANCES:

            SEAMUS D. DUBBS, Esquire
            Assistant District Attorney
            For the Commonwealth

            KENNETH WINSTON ASHFORD
            Pro Se

                  * * *

RECEIVED/FILED
YORK COUNTY
JUDICIAL CENTER

2009 JUL -7 AM 10: 21

DON 0 SELL S
CLER 0 F COURTS

            ATTORNEY DUBBS:  Next, Your Honor, is
the case of Commonwealth versus Kenneth Ashford
docketed at 2467 Criminal Action of 2008.  Your Honor,
this is the day and time scheduled for sentencing in
this matter.  A presentence investigation was
completed.  Did Your Honor receive a copy of it?

            THE COURT:  Yep.

            ATTORNEY DUBBS:  Your Honor, I believe
also at this time I believe we were scheduled to
address as well the post-sentence motion Mr. Ashford
had filed.

            THE COURT:  I need to impose sentence
before post-sentence motions.

            ATTORNEY DUBBS:  Correct.

1

293

THE COURT:  All right.  Is there anything you wish to say with regard to sentencing?

THE DEFENDANT:  Just that, you know --

THE COURT:  Have you had an opportunity to review the presentence investigation?

THE DEFENDANT:  Not really.

THE COURT:  Okay.  Well, this is a presentence investigation.  A copy should have been provided to you.  Do you want to give him a copy and have him review his presentence investigation.  Sit down and review your presentence investigation.

\*  \*  \*
(Whereupon, a recess was taken.)
\*  \*  \*

THE COURT:  Okay.  Sir, are you ready?

THE DEFENDANT:  Yeah.

THE COURT:  All right.  Let's proceed.

ATTORNEY DUBBS:  Your Honor, if we can go back on the record with sentencing for Mr. Ashford, I believe now he has had a chance to review his presentence investigation.

THE COURT:  Okay.  Mr. Ashford, are there any additions, corrections, deletions, anything on the presentence investigation?

THE DEFENDANT:  Well, I thought he dropped the burglary down to Felony 2, and he was talking about some things about --

THE COURT:  Who is he?

THE DEFENDANT:  The presentence.

THE COURT:  No, he can't drop down anything.  It is whatever.  The Felony 1 went to the jury.

THE CLERK:  We have F-2.

ATTORNEY DUBBS:  Your Honor, I believe

2

Attorney Kobeski did amend that prior to trial.

THE COURT:  You are not talking about the presentence investigator.  You are talking about Attorney Kobeski.  All right.  We need a statement for the guideline ranges for F-2, make that part of the record.  Okay.  I think the burglary not a home but persons present would be OGS of 6, and Defendant is an RFEL, is that correct?

ATTORNEY DUBBS:  Defendant is an RFEL, Your Honor.  I believe given the fact that it would be an attempt, it would I think go down one.

THE COURT:  One.

ATTORNEY DUBBS:  Which would put the OGS at a five.  The guideline range for a five with a repeat felony offender is 24 to 36 months.

THE COURT:  Right.  That is the standard range.  That is the same.  They have it listed as F-1, but it is -- the ranges that are listed look to be for an F-2 in the presentence investigation.  Okay.  Anything else, sir?

THE DEFENDANT:  Well, he state Sheriff Brady on here that I couldn't be transferred back to Graterford because he has relatives there.  I was saying -- I said something to the effect that I wanted to be transferred back to Graterford because I believe he had relatives at the county prison, not at Graterford.

THE COURT:  Oh, okay.  That's really immaterial, but in any event --

THE DEFENDANT:  Okay.  All right. Well --

THE COURT:  Anything else?  Is there anything you wish to say about sentencing, sir?

THE DEFENDANT:  Well, that I basically, you know, I'm still fighting this case, fighting for my freedom here, you know.  They got a wrong guy, you know.  If I did it, I own up to it, but I didn't do this.

THE COURT:  Okay.  Anything else you

3

wish to say?  It is hard for me to believe that there was another person present because I witnessed the videotape.

THE DEFENDANT:  Yes.

THE COURT:  And I understand that you went to trial, and you elected to go to trial, and that is your right, but it is very, very difficult having witnessed the video to believe that it was anyone other than the individual who was taken into custody, and you were the individual that was taken into custody because the individual who attempted to break in there it was the same person, and you were the person that was found at the door.  Okay.  You weren't the person found at the door?

THE DEFENDANT:  No, sir.

THE COURT:  So essentially the video of the person walking away from the door was not you?

THE DEFENDANT:  No, sir.

THE COURT:  But Corporal Brady took you into custody?

THE DEFENDANT:  Corporal Brady took me into custody.  I went back there.  I was going to urinate, but that's when he came back.  That videotape is altered.  The videotape that was shown to me during discovery, which my counsel seen and which my mother has a copy of, clearly shows that as far as the DVD I was in custody before this guy even went to the door.

THE COURT:  Okay.

THE DEFENDANT:  And the VHS it clearly showed -- it was bright when I seen it in your chambers -- showed that I never went to no door, never touched no door, but during trial they showed a DVD --

THE COURT:  Well, I honestly would be -- I find it difficult to fathom that it was anyone other than you, and for me to do that I would essentially have to believe that there was some script from the X-Files being played out that somehow you were just delivered to that spot at the same time or immediately before an individual broke into or was attempting to break into the courthouse, and, quite frankly, if there

4

was an individual who was breaking into the courthouse, they would want that person on trial, not you.

THE DEFENDANT:  Sure, but as I say --

THE COURT:  I mean you are asking me to suspend all sense of logic, and I just -- I find it a little bit difficult to believe that you are standing in front of me making that claim, but, you know, you may be successful with someone else who has more of a willingness to suspend logic.  You are probably not going to find it on appeal, and you are certainly not going to find it in this courtroom because 20 years ago all we ever wanted to have was videos because we said if we could have a video, there would be no issue.

Now we have a video of you, and you are now saying, well, that video isn't telling the truth, and I watched both videos, one being the VHS, one being the DVD, and I for one am a little bit chagrined that you are standing in front of me telling me what you are telling me, but that's your right, your claim that it wasn't you.  I, on the other hand, believe that not only was the case proven beyond a reasonable doubt, but it was as close to beyond all doubt as a criminal case can get.  So if there is anything else you wish to say to me?

THE DEFENDANT:  Yeah, that video you refer to so much was altered and tampered with surely. I was assaulted on the video, but it was removed from this tape here when I watched it in your courtroom on May the 12th, you know.

THE COURT:  Okay.

THE DEFENDANT:  Furthermore, you know, why wasn't that there.  If they can remove that, then they can also add, but as far as I'm concerned, I was never placed at that door with no screwdriver in my hand.

THE COURT:  Okay.

THE DEFENDANT:  Never.

THE COURT:  I witnessed it.  I saw exactly what transpired on the tape, and for you to -- you know, furthermore, you are not an individual who has not engaged in this type of behavior in the past.

5

297

You are claiming suspend my disbelief about the videotapes, but also don't look at the fact that I have previously not only pled guilty to offenses of a similar ilk, but I have also fought charges like this and been found guilty in the past.

Because you look at your record.  It's from back in '82, criminal conspiracy to commit burglary, another criminal conspiracy to commit burglary -- no, that was criminal trespass, excuse me. Then another burglary in 1982.  That is three in '82. Then another burglary in 1983.  Then another theft by unlawful taking which you pled guilty to but was originally stemming from charges involving burglary. Another one out of Lancaster in 1983, same thing, burglary, but it was pled to theft.  Then 1983, case felony, case burglary.  Eighty-six you moved to Philadelphia and were convicted of receiving stolen property.  Then again 1990 in East Hempfield Township receiving stolen property.  1990 you were charged with burglary, theft, and receiving stolen property.  You pled guilty to unauthorized use.  1990, receiving stolen property; 1991, burglary, two counts; 2002, burglary; 2002, another burglary; 2002, another burglary; 2008, the present offenses.

If I did -- it was my job that I cut wood, okay, and I have had 5, 6, 7, 8, 9, 10 different jobs cutting wood, at some point in time I can't claim I don't cut wood.  I'm a wood cutter.  Your jobs in the past have been committing burglaries.  Okay.  Now, I have seen a video, which contrary to what your mom says, I look at and see you.  There was some issue relating to your sneakers, the sneakers didn't match up, et cetera.  You are making a claim that they have doctored the video and they wanted to put you on trial rather than the individual who actually committed the crime, that you while you were at the door you were just urinating on the door, and immediately thereafter somehow an individual who they then transposed onto your tape actually tried to burglarize the place. Okay.

Again at a certain point in time you ask me to suspend logic.  I can't.  You are a wood cutter. Okay.  I have seen the video of you cutting wood. Furthermore, I have seen in the past that you have been employed as a wood cutter again and again and again. Of course, I'm supplanting the term wood cutter to be a burglar.  You are a burglar.  Okay.  That's what you

6

are.  That's what you have done, and in this instance unlike the many instances probably in the past, they have a video of you.  Okay.

If you wish to continue to allege that it wasn't you, that's your right, but I also have to take that into account when I consider your rehabilitative needs, and the fact that you have absolutely no remorse whatsoever for the crime you committed or the crimes that you have committed in the past and that your rehabilitative needs may require for me some additional time because you aren't going to be rehabilitated, and the fact that you absolutely lack remorse and are claiming the things that you are claiming in court right now are indicative of an individual who absolutely lacks remorse and will not be rehabilitated because you refuse to admit the offense.  That's your right, however.  Is there anything else you wish to say?

THE DEFENDANT:  No, sir, Your Honor.

THE COURT:  Okay.  Is there anyone you wish to put on the witness stand for purposes of giving me a statement prior to me imposing sentence?

THE DEFENDANT:  No.

THE COURT:  No.  All right.  Is there anything you wish to say, counsel?

ATTORNEY DUBBS:  Your Honor, the only thing I would say is I believe Your Honor has addressed the main issues reviewing the presentence that the Commonwealth sees.  I believe there is a significant risk to the community anytime Mr. Ashford is in part of the community, and we would be asking for a long state prison sentence to protect the safety of the community being at least a 5 and a half to 11 years that the presentence investigation is recommending.

\* \* \*

## S E N T E N C E

THE COURT:  Okay.  We will note the correction that was made to his criminal attempt burglary, Felony 1, and it would be criminal attempt burglary, Felony 2.  However, the guideline ranges are correct in that the standard range for that offense is 24 to 36 months.  The aggravated is 39 months.

The Court has before it the Defendant for purposes of sentencing.  The Defendant went to trial on the offenses of burglary, criminal trespass, criminal attempt criminal trespass, possession of instruments of crime, institutional vandalism, and summary offense of criminal mischief.

The Court has prior to today's date ordered a full presentence investigation be completed for purposes of apprising the Court relative to the Defendant's background, prior record score of the Defendant, his situations economically as well as socially, and the Court has reviewed that presentence investigation in its entirety.  The Court is aware of all the information contained therein.  The Court has given the Defendant the opportunity to present the Court with any additional information.

He has argued that he is not guilty. The Court has had a discussion on the record about that claim.  The Court has reviewed everything contained in the presentence investigation, and the Court is aware of the guideline ranges for the offenses the Defendant has been convicted of.  Furthermore, the Court is cognizant of the goals set forth for a Sentencing Court pursuant to Title 42, and the Court takes those various goals into account and acknowledges that we must create a sentence that takes into account the rehabilitative needs of the Defendant, the threat the Defendant poses to the community, the effect the crime has had on the, victim, and in consideration of those various goals, the Court believes that the following sentence best addresses and attains those goals:

With regard to Count No. 1, criminal attempt to commit burglary, the Defendant is hereby sentenced to a sentence of not less than 3 nor more than 6 years in the state correctional institute. Concerning Counts 2 and 3, the Court hereby notes that those offenses, criminal attempt to commit criminal trespass and criminal trespass, would merge for sentencing purposes.  Therefore, the Court will impose no sentence in those cases on those charges.

Concerning Count No. 4, possession of instruments of crime, the Defendant is hereby sentenced to a sentence of 1 and a half to 3 years in the state correctional institute.  This sentence to run consecutively to the sentence previously imposed in Count No. 1.

Concerning the count listed at Count No. 5, institutional vandalism, the Defendant is hereby sentenced to a sentence of 1 to 2 years in the state correctional institute.  This sentence to run consecutively to the sentence listed at Count No. 4 and the sentence listed at Count No. 1.

The net effect of all these consecutive sentences, Counts 1, 4 and 5, is that the Defendant will receive a sentence of 5 and a half to 11 years in the state correctional institute.  Furthermore, that he pay the costs associated with prosecution and any restitution that is due and owing.  The restitution is hereby set at $1.

Finally, with regard to the summary offense of criminal mischief, the Defendant is sentenced to a fine in the amount of $100.  The Defendant shall receive credit for any time he has heretofore served on account of these sentences.  We will note that the Defendant is not eligible due to his various convictions for RRRI.  Okay.  Do you understand the sentence, sir?

THE DEFENDANT:  Um-hum.

THE COURT:  Want to provide you, sir, what I am going to do here is I am going to note that there is a post-sentencing rights colloquy that I have, and what I am going to do so you can ensure that you are aware of it I am going to give you my written colloquy advising you of your post-sentencing rights, okay, and you can take that with you.  I will note that for the record.  If we could note for the record the Defendant has been provided with a written colloquy of his post sentencing rights, and he can take that with him.

You need to review that sir and make yourself aware of the rights that are contained therein.  You have the right to an appeal at this point in time.  Your appellate rights and the time frames within which you must file your various notices are contained in that document I have just handed you.  Do you understand that?

THE DEFENDANT:  Yeah.

THE COURT:  Okay.  So you need to review that.  Okay.  And at that point in time after you have

9

301

reviewed that and you filed the appropriate paperwork, we will deal with the issue of your post-sentencing rights or any post-sentencing motions that you have. Do you understand that?

THE DEFENDANT:   Yeah.   Well, we deal with the motion that I have in now.

THE COURT:   Okay.

ATTORNEY DUBBS:   We do have the motion. That previous hearing when he was allowed to proceed pro se and have Attorney Gross withdrawn from the case there was a motion that was to be addressed at this time captioned as a motion for arrest of judgment, counsel deemed ineffective, additional further supporting evidence.

THE COURT:   Well, I have already dealt with the issue of ineffective assistance claim.   He was removed.   Are you prepared to go forward with a hearing at this point in time?

ATTORNEY DUBBS:   Well, Your Honor, the motion basically appears as far as that I can see while there is a motion saying the verdict was against the weight of the evidence, again bringing up the issues saying there was basically Brady violations, exculpatory evidence was not introduced, as well as was not provided to him, I believe some of those issues had been previously ruled upon and addressed.   I don't believe there is a need for testimony.

THE COURT:   Well, here is what I want to do is now he has been sentenced.   What I want to do is give him the opportunity to file everything in one motion so we are not taking it ad hoc, willy-nilly, helter-skelter.   I need everything to be put together in one post-sentence motion.   If you want me to deal with it now, that's it.

THE DEFENDANT:   My next motion will be going to Superior Court.   I believe there is a law says I can go straight there.

THE COURT:   You can after you file your notice of appeal with me and I have dealt with your post-sentence motions, or you can just forget the post-sentence motions and go right to the Superior Court, but the problem I am giving you the opportunity

to have some more time so that we can deal with
everything that you might have a question about in one
hearing.

THE DEFENDANT:  Well, I have everything.

ATTORNEY DUBBS:  Well, Your Honor, what
might be the best idea schedule a hearing outside the
10 days he has to file any additional post-sentence
motions.

THE COURT:  That's what I will do.

ATTORNEY DUBBS:  I believe that makes
sense.

THE DEFENDANT:  I already have the post
motion.

THE COURT:  All right.  I am not going
to -- I am giving you the opportunity --

THE DEFENDANT:  Right now.

THE COURT:  You have the opportunity to
file any additional motions, but if you want me to just
proceed on the weight of the evidence, sufficiency of
the evidence, you know, quite frankly, I have reviewed
everything.  I am going to deny that right now.  So if
you want this to be your post-sentencing motions,
that's fine.  I am going to deny your motion based on
the weight and sufficiency of the evidence.  Certainly
the jury's verdict does not shock the conscience.  It
was not against the weight of the evidence.  There was
sufficient evidence to find you guilty of all of the
offenses that you have been found guilty of.

THE DEFENDANT:  Brady violation,
evidence was missing.

THE COURT:  What evidence was missing?

THE DEFENDANT:  Rule 600.  A glove and a
hat.

THE COURT:  I have already dealt with
the Rule 600 motion, and I will just incorporate
whatever I have dealt with previously.

THE DEFENDANT:  I never heard anything

about it.  My attorney Gross that was my attorney told me that you was going to make a ruling on it sometime during trial.  That never occurred.

THE COURT:  I will have to review the record on that one because my impression of it was that if you filed a Rule 600, that I dealt with it.  I don't know.

ATTORNEY DUBBS:  Your Honor, I don't recall.  Attorney Kobeski was the one that handled the case.  I would have to double check with him.

THE DEFENDANT:  Filed a Rule 600, but it was never heard.

THE COURT:  Anything else?

THE DEFENDANT:  That's about it.

THE COURT:  Okay.  So there is a Rule 600 motion that you say I didn't deal with.  I will have to look at that.  So I will take that under consideration.  The weight and sufficiency argument I am going to deny that.  Okay.  There was sufficient evidence, and the weight of evidence was sufficient to find you guilty beyond a reasonable doubt.  The Court has no question about that.  What else did you have?

THE DEFENDANT:  The Brady violation.

THE COURT:  What are the alleged Brady violations?

THE DEFENDANT:  Concerns the hat and glove that was found by the door that was took into booking, logged in, and disappeared, suppressed by the Commonwealth.

THE COURT:  Okay.  Actually I believe that that was testified to at trial.  I'm not sure whether it was raised in the form of a Brady violation at the time.  I think it was raised as where is it, but I don't think you at this point in time, you know, you are alleging Brady violation.  When the Brady violation is alleged, the information must be given to you prior to trial.

THE DEFENDANT:  Right.

12

304

THE COURT:  Or alternatively if the violation is so egregious that it was an intentional violation by the Commonwealth, the Court can take or make various other sanctions, including making a determination that you can't go forward, but the hat and gloves as I recall the only issue relating to those was the fact that they weren!t provided at trial.  I don't know that you have presented me with anything.  You are saying that your hat and your gloves?

THE DEFENDANT:  No, I am saying that there was a hat and gloves that they picked up that they said the accused that was trying to break in left there by the door, and I put a motion in that it was a Brady violation to bring forth.

THE COURT:  When?

THE DEFENDANT:  When did I put the motion in?  That would have been -- I know we had the hearing January 26th.  Go back and view the tape.

THE COURT:  I will have to review the record.  Here is what I am going to do.  I may just review for purposes of a post-sentence motion I will review the Defendant's various allegations, do some research on them, and, if necessary, we will have a hearing.  Okay.  But I need to at this point this is just an unusual form that this case is taking because I have just sentenced you, and now you want to litigate the post-sentence motions.

You have had post-sentence motions before me from the time of your conviction prior to sentencing.  You made various allegations including wanting to discharge your attorney.  During the course of his representation of you, you were filing pro se motions throughout, and the problem with the case is now at this point in time it's become hybrid pro se motions and actual motions filed by your counsel.  It is difficult for me given the great volume of correspondence you have had with me to determine where we are logistically and procedurally with regard to various motions.

So I think probably the best thing to do at this point in time is I am going to ask you to file all your motions in one consolidated post-sentence motion, and I am going to deal with them all at one time.  I am not going to deal with them the way I have

been dealing with them to appease you.  I am going to deal with them in one fell swoop.  So whatever you want me to consider post sentencing must be filed post sentence.

Now, I am not going to consider whatever else you have filed because it's really procedurally not appropriate for you to have filed all these things when you filed them.  So you need to put them all -- I don't care if it is copying and just putting them all in one document, but I can't continue to take this case as they dribble and drab in.  These motions you need to file them all as everyone else is required to do in one post-sentence motion.

THE DEFENDANT:  All right.  Well, I need to get to a better law library.  So could I please be transferred back to Graterford as soon as possible?

THE COURT:  No, because I am waiting for your post-sentence motions, sir.  I got to keep you here.  I am not going to transfer you back and forth.

THE DEFENDANT:  This library --

THE COURT:  It's sufficient.

THE DEFENDANT:  They give you like a half hour every three days, you know.

THE COURT:  Well, we will await your post-sentence motion, and we will deal with everything at that point in time.  Okay.

*   *   *

dsr
7/7/09

14

306

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,
PENNSYLVANIA



*CP-67-CR-0002467-2008*

| | | |
|---|---|---|
| COMMONWEALTH | : | CP-67-CR-0002467-2008 |
| | : | |
| VS | : | |
| | : | |
| KENNETH WINSTON | : | |
| ASHFORD | : | |


## PROOF OF SERVICE

On July 7, 2009, I the undersigned

served the Order dated 07/06/2009 in this

matter by personal service upon each of the following

offices:


York County Clerk of Courts Office
    a) Original
    b) Copy for private defense counsel/pro se
       defendant to be served by Clerk
    c) State Prison

York County District Attorney's Office

Judge Thomas H. Kelley, VI

York County Adult Probation Office


                  Debra S. Romesberg
                  Official Court Reporter

IN THE SUPERIOR COURT OF PENNSYLVANIA FOR THE

MIDDLE  DISTRICT


**NOTICE OF APPEAL FROM THE COMMONWEALTH'S DECISION**


Notice is hereby given that Kenneth w. Ashford, pro se, in the above caption case,

hereby appeal to the superior court of Pennsylvania, from the decision entered in the

above captioned proceeding on the _29_ day of _June_ ,2009.


DATE:                                    _Kenneth w. Ashford_

                                         Kenneth w. Ashford, pro se

                                         3400  concord  road

                                         York,  Pa.  17402


                        1 oF 2

IN THE SUPERIOR COURT OF PENNSYLVANIA FOR THE

MIDDLE   DISTRICT

IN RE: NO. CP-67-CR-2467-2008

## PROOF OF SERVICE

Karen reid Bramblett, esquire

Prothonotary

100 pine street, suite 400

Harrisburg,  Pa.  17101


H.stanley  Rebert

District Attorney

45 north George streeet

York,  Pa.  17401


DATE:                                            *Kenneth w. Ashford*

                                               Kenneth w. Ashford, piro se

                                               3400  concord  road

                                               York,  Pa.  17402



2 OF 2

309



IN THE SUPERIOR COURT OF PENNSYLVANIA FOR THE
MIDDLE DISTRICT

Commonwealth of Pennsylvania                    :

    vs.                                    :          NO.CP-67-CR-2467-2008

  Kenneth w. Ashford                            :

## POSTSENTENCE APPEAL MOTION
## MOTION IN ARREST OF JUDGMENT

AND NOW on this _06_, day of _July_ ,2009, comes the defendant Kenneth w.
Ashford, pro se,  who present the following facts to appeal the commonwealth's decision.

1.the defendant was arrested on march 17, 2008, and charged with several charges related to an
attempt to break into the York, pa. county courthouse.

2.on may 12, 2009, the defendant was convicted by an jury of criminal intent to commit
burglary, criminal intent to commit criminal trespass, possession of instrument of crime,
institutional vandalism, and criminal mischief.

3.the evidence was insufficient to support the jury's verdict, and the defendant could not have
received a fair trial, since exculpatory evidence was missing. A simple instruction to the jury by
the court that evidence is missing, which has occurred in this case is not a cure.

4.Exculpatory evidence missing is a <u>hat</u>, which the defendant is accused of wearing, that was
located next to the loading dock doors, that the defendant is accused of trying to break into, and
<u>gloves</u> that the individual who was attempting to break into the courthouse was wearing.

5.sheriff CYPRIAN IGWE testified on may 12, 2009, at the defendant's trial to collecting the
missing evidence, which places the **hat and gloves** in the possession of the commonwealth. IF
the missing items would have been secured and preserved properly, **DNA** testing would have
ensued the defendant's innocence.

1

310

6.materiality inquiry in connection with a claimed brady violation is not just a matter of determining whether, after discounting the inculpatory evidence inlight of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions; rather, the question is whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. [per Flaherty, c.j.,with one justice concurring and three justice concurring in result.] com. v. simmons, 804 A.2d 625, 569 pa.405, sup. 2001.

7.evidence is"material" to guilt or punishment, and must be disclosed to defendant if favorable, when there is reasonable probability that, had evidence been disclosed to defense, result of proceeding would have been different; "reasonable probability" is probability sufficient to undermine confidence in the outcome. Com. v. jones, 637 A.2d 1001, 432 pa. super. 1994.

8.under brady v. Maryland, 373 U.S. 83 [1963]. A defendant is entitled to all exculpatory evidence, and the defendant asserts that with the missing favorable evidence, verdict would have been different. Failure of the commonwealth to disclose exculpatory material warrants dismissal of all charges, or new trial.

9.no pro se rule require a defendant to demonstrate prejudice to establish his entitlement to preclusion of evidence under the mandatory discovery rule. Comm.. v. Galloway, 771 A2d 65, super. 2001. Criminal law 627.8 [6].

## COUNSEL IS DEEMED INEFFECTIVE

1.counsel was not working in the best interest of this defendant. Counsel had a legal obligation to move for dismissal when counsel was informed that the defendant had not been brought to trial within **365 DAYS**, which is a violation of PA. R. CRIM. P. 600 [G]. commonwealth v. marcone, 487 pa. 572, 410 A.2d 759 [1980]. Pennsylvania code of professional responsibility cannon 6: D6-101 [1977]. And also for not arguing that there is a brady violation concerning missing evidence favorable to the defense. Brady v. Maryland, 373 U.S.83 [1963].

2.evidence that would tend to exculpate a defendant or reduce the penalty may not, as a constitutional matter. Be withheld, and a rule of court to the contrary must give way. [per pomeroy, j.,with two justice concurring and three justice concurring in the result.] com. V. martin, 348 A2d 391, 465 pa. 134, sup. 1975.

3.evidence is always relevant and material to defense, for purpose of discovery request, if it tends to show that specific crime of which defendant stands accused was committed by someone else. Com. V. novasak, 606 A.2d 447, 414 pa. super. 21, super. 1992.

4.the defendant made a request for the pre-trial discovery on july 2, 2008, and has not received the exculpatory hat and gloves involved in this case. Suppression of evidence favorable to the defendant has ensued prejudice, by not being able to present evidence that would have exonerated the defendant.

5.suppression by prosecution of evidence favorable to accused violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of the prosecution. Comm.. v. freeman, 433 A.2d 499, 289 pa. super. 1981.

## **FURTHER SUPPORTING EVIDENCE**

1.counsel Ronald j. gross, esq.,is ineffective for not objecting to the altered vhs surveillance tape, and the altered dvd version. On January 26, 2009, counsel Ronald j. gross, esq.,the defendant, and the district attorney seth bortner, esq.,reviewed the vhs surveillance tape at the York county courthouse inside judge Thomas h. kelley's conference room, after viewing the vhs surveillance tape, attorney Ronald gross,esq.,expressed to the court that all his client was doing was walking and not committing any crime, SEE: transcript date January 26, 2009, judge Thomas h. kelley's court room., at the defendant's trial on may 11, 12, 2009, upon viewing the vhs surveillance tape which shows a break into the courthouse, this extra footage was not on the vhs tape on January 26, 2009, which is clearly tampering with evidence. 42 pa. c.s.a. 4911. Tampering with public records or information.

2.the defendant's mother mrs. white, has a copy of the dvd version, and still pictures from the dvd version, the defendant has viewed the dvd version several times, which shows the defendant being arrested, and later on the dvd shows an individual of a caucasian descent attempting to break into the courthouse, but during trial on may 11,12, 2009, upon viewing the dvd version, which shows an individual attempting to break into the courthouse, and then shows the defendant being arrested, the arrest and the attempt of the individual trying to break into the courthouse have been switched to gain an conviction. The defendant was in custody befor the attempted break in occurred. This is clearly tampering with tangible evidence and altering evidence. Commonwealth v. barger, 249 PA Super 59, 375 A.2d. 756 (1977). Which has prejudiced the defendant severely.

3. The commonwealth never established a chain of custody with the hat, gloves, and VHS surveillance tape or with the DVD version. The defendant asserts that prejudice has ensued by

3.

the commonwealth's willfully suppressing or withholding favorable exculpatory evidence, and altering evidence to obtain an conviction.

4. The court error when it denied the defendant's mother to testify to the still pictures she took off of the DVD version, the defendant's mother could have testified to wear the pictures come from ,and the jury should have been allowed to view all evidence involved in this case, the courts denial to allow the still pictures taken from the DVD version was in fact prejudice to the defendant, whether or not the pictures were to blurry to establish identity, pictures clearly showed the complexion of the individual attempting to break into the courthouse was of a lighter skin tone then the defendant. Com. V. Jones, 637 A.2d. 1001, 432 PA. Super. 1994. Criminal Law 700 (2.1)

5. The defendant did not have a fair and impartial jury of his peers, all jurors was of a Caucasian descent, and the defendant is a black male, this was an extravagant prejudice to the defendant.

6. On January 26, 2009, counsel Ronald J. Gross, esq., the defendant, and district attorney Seth Bortner, esq., reviewed the VHS tape of the attempted break in of the courthouse, which clearly showed cpl. Shawn Brady assaulting the defendant, by striking the defendant on the head with his collapsible baton, while the defendant was laying on the ground and handcuffed. The defendant viewed the DVD version earlier of the attempted break in of the York county courthouse , which also showed the defendant being assaulted by cpl Shawn Brady, but upon viewing the VHS tape and the DVD version May 11, 12, 2009, at the defendants trial there had been alterations done to the VHS surveillance tape and the DVD version, since the assault on the defendant by cpl Shawn Brady had been removed from the VHS surveillance tape and the DVD version. This act is clearly altering and tampering with tangible evidence. The defendants mother has a copy of the DVD version, that was given to her by John P. Nebblett, esq., which clearly shows the defendant being assaulted. The defendant did not receive a fair trial by the court allowing the prosecution to introduce or show tainted evidence, which has extremely prejudiced the defendant. 42 PA. C.S.A. 4911 Tampering with public records or information. Commonwealth v. Barger, 249 PA Super. 59, 375 A.2d 756 (1977)

7. The VHS surveillance tape and DVD version was unsealed at trial on may 11, 2009, the VHS tape and DVD version was out of the defendants and Jury's view for an entire day unsealed. The chain of custody has been broken, which has prejudiced the defendant,by allowing the commonwealth to switch the VHS tape and DVD surveillance. The VHS and DVD surveillance was viewed on may 12 2009.

4

IN THE SUPERIOR COURT OF PENNSYLVANIA FOR THE

MIDDLE DISTRICT

WITH FURTHER SUPPORTING EVIDENCE

1. the defendant was arrested on march 17, 2008, and charged with several charges related to an attempt to break into the york pa. county courthouse.

2. the defendant filed a motion for arrest of judgment on may 15,2009,the judge returned an order, and the motion, because the defendant has a counsel of record,but allowed the defendant to file the motion for arrest of judgment once the defendant has filed the proper motion to withdraw counsel,or retain another counsel to file the motion.the defendant has filed a motion to withdraw counsel on june 1, 2009,which is still pending.

3. the defendant has resubmitted the motion for arrest of judgment on june 9, 2009,and now submits that the prosecution has done nothing other than make blanket assertions.

4. new trial is warrant on challenge to weight of evidence only if verdict is so contrary to evidence as to shock one's sense of justice. Com. V. fox, 619 A.2d 327, 422 Pa. super. 224, super. 1993, appeal denied 634 A.2d 222, 535 Pa. 659. Criminal law 936 [1].the defendant asserts that the verdict was against the weight of the evidence.

5. none of the witnesses that testified at the defendant's trial on may 11, 12, 2009, to seeing the defendant at the doors of the courthouse with a screwdriver on march 17, 2008, attempting to break into the courthouse. verdict cannot rest on disbelief of some testimony by jury; there must be evidence that, if believed, is strong enough to support finding of guilt beyond reasonable doubt. Com. V. wiley, 432 A.2d 220, 288 Pa. super 397. Super. 1981. Criminal law 561 [1].

1

6.there was doubt that should have shocked the courts senses, the evidence offered to support guilty verdict is in contradiction to physical fact, then evidence is insufficient as of law. Com. V. smith, 853 A.2d 1020, super. 2004. Criminal law.

7. no physical or circumstantial evidence placed the defendant at the doors of the courthouse attempting to break into the courthouse, and there was exculpatory evidence missing that could have exonerated the defendant. Hence the verdict should be vacated and all charges dismissed.

5

8. With respect to claim that jury's verdict was not supported by sufficient evidence, appropriate remedy would be discharge and and dismissal of all charges; where verdict is against weight of evidence, proper remedy is new trial. Com. V. ruffin, 463 A.2d 1117, 317 Pa. super. 126, super. 1983. Criminal law 1189.

9. Proper remedy when verdict is against weight of evidence is for defendant to be given new trial; however, when evidence is insufficient to support verdict, defendant is entitled to have charges against him dismissed outright. Com. V. cardona, 463 A.2d 11,316 Pa. super. 381, super. 1983. Criminal law 1189.

10. The defendant asserts that the evidence was insufficient to support a guilty verdict, none of the witnesses identified the defendant as the person trying to break into the york county courthouse with a screwdriver, the VHS surveillance and the DVD version has been altered and tampered with to persuade the jury, and EXCULPATORY favorable evidence is missing, that would have EXONERATED the defendant.

11. 8956 criminal defendant, may, at his or her discretion. File postsentence motions or proceed directly with appeal to the superior court. Com. V. chamberlain, 658 A.2d 395, 442 Pa. super. 1995. Criminal law 1026.

12. In reviewing a refusal to arrest judgment, if the evidence viewed in the light most favorable to the verdict winner is not sufficient to establish guilty beyond a reasonable doubt of the crime charged, then the motion should have been granted. Com. Mc fadden, 850 A.2d 1290, super. 2004. Criminal law. 968 [8].

13. A defendant who wishes to seek new trial on grounds that verdict was contrary to weight of evidence must necessarily raise that issue via postsentence motion in trial court; if trial court denies motion, defendant may then file an appeal in which trial court's exercise of discretion will be subject to review. Com. V. tapper, 675 A.2d 740, 450 Pa. super. 220, super. 1996. Criminal law 1156 [2].

14. On a motion for a new trial on ground that the verdict is contrary to the weight of the evidence, the trial judge does not sit as the 13th juror, but rather, the role of the trial judge is to determine that notwithstanding all the facts, are so certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. Com. V. hunter, 768 A.2d 1136, super. 2001, appeal denied 796 A.2d 979, 568 Pa. 695. Criminal law 935 [1].

On July 06, 2009 Judge Thomas M. Kelley committed an arbitrary act, and abuse of his discretion. Kelley informed me that he was going to deny my arrest of judgment motion at sentencing, because of my past history.

On May 13th Judge Thomas H. Kelley did not inform me of my right to appeal. My attorney Ronald J. Gross informed me on May 13, 2009 that I could appeal after 30 days which was incorrect.

316

## **RELIEF SOUGHT**

The defendant Kenneth w. Ashford, respectfully request that the verdict be vacated, and or grant a new trial, and dismiss all charges for the reason stated in this motion for arrest of judgment, for the commonwealth's failure to disclose exculpatory material, which deprived the defendant of a fair trial. Com. v. Johnson, 815 A.2d 563, 572 pa. pa. 283, sup. 2002.700 [2.1],and for the defendants ineffective counsels refusal to argue rule 600 [G], and other issue that have prejudiced the defendant that are stated inside this motion for arrest of judgment,concerning alterations of the **VHS** surveillance tape and the **DVD** version.,and for the fact that the evidence was insufficient to support verdict.

1.

I,Kenneth w. Ashford, duly swear that the above statements given are true and  correct to the best of my knowledge, information, and belief.

DATE:

*Kenneth m. Ashford*

KENNETH W. ASHFORD, PRO S
3400  CONCORD  ROAD
YORK, PA.  17402

7

317

IN THE SUPERIOR COURT OF PENNSYLVANIA FOR THE
MIDDLE DISTRICT

I,Kenneth w. Ashford, pro se, hereby certify that I am mailing a true and correct copy of the motion in arrest of judgment, to appeal commonwealth's judgment to the person[s] listed below by U.S. mail on this date:   7 - 06 - 09

Karen reid bramblett, esquire
prothonotary
100 pine street, suit 400
Harrisburg, Pa. 17101

H. Stanley Rebert
District attorney
York, county judicial center
45  north George street
York, Pa. 17401

DATE:                                            *Kenneton n. Ashford*
                                                 KENNETH W. ASHFORD, PRO SE
                                                 3400 CONCORD ROAD
                                                 YORK, PA. 17402

8





This one is on the C D Rom.
Cut by the Sheriff running down
by the trash can. Dealing with
No mistake or Names.

(CD Rom given to my Mother (since 3/16)
by my X-Attorney John P. Abbott
The other pictures are also from the
C D-Rom.

















This is Kenneth Ashford on 3-17-08. Same day of arrest

Close up
of Kenneth M. Ashford



*Schedule*
*hearing for post-sentice*
*motions*

IN THE SUPERIOR COURT OF PENNSYLVANIA FOR THE
MIDDLE DISTRICT

RECEIVED
In the chambers of

**JUL 08 2009**

JUDGE
THOMAS H. KELLEY

Commonwealth of Pennsylvania                :

           vs.                              :       NO.CP-67-CR-2467-2008

Kenneth w. Ashford                          :

---

## POSTSENTENCE APPEAL MOTION
## MOTION IN ARREST OF JUDGMENT

AND NOW on this *26*, day of *July* ,2009, comes the defendant Kenneth w. Ashford, pro se, who present the following facts to appeal the commonwealth's decision.

1. the defendant was arrested on march 17, 2008, and charged with several charges related to an attempt to break into the York, pa. county courthouse.

2. on may 12, 2009, the defendant was convicted by an jury of criminal intent to commit burglary, criminal intent to commit criminal trespass, possession of instrument of crime, institutional vandalism, and criminal mischief.

3. the evidence was insufficient to support the jury's verdict, and the defendant could not have received a fair trial, since exculpatory evidence was missing. A simple instruction to the jury by the court that evidence is missing, which has occurred in this case is not a cure.

4. Exculpatory evidence missing is a hat, which the defendant is accused of wearing, that was located next to the loading dock doors, that the defendant is accused of trying to break into, and gloves that the individual who was attempting to break into the courthouse was wearing.

5. sheriff CYPRIAN IGWE testified on may 12, 2009, at the defendant's trial to collecting the missing evidence, which places the **hat and gloves** in the possession of the commonwealth. IF the missing items would have been secured and preserved properly, **DNA** testing would have ensued the defendant's innocence.

1

6.materiality inquiry in connection with a claimed brady violation is not just a matter of determining whether, after discounting the inculpatory evidence inlight of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions; rather, the question is whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. [per Flaherty, c.j.,with one justice concurring and three justice concurring in result.] com. v. simmons, 804 A.2d 625, 569 pa.405, sup. 2001.

7.evidence is"material" to guilt or punishment, and must be disclosed to defendant if favorable, when there is reasonable probability that, had evidence been disclosed to defense, result of proceeding would have been different; "reasonable probability" is probability sufficient to undermine confidence in the outcome. Com. v. jones, 637 A.2d 1001, 432 pa. super. 1994.

8.under brady v. Maryland, 373 U.S. 83 [1963]. A defendant is entitled to all exculpatory evidence, and the defendant asserts that with the missing favorable evidence, verdict would have been different. Failure of the commonwealth to disclose exculpatory material warrants dismissal of all charges, or new trial.

9.no pro se rule require a defendant to demonstrate prejudice to establish his entitlement to preclusion of evidence under the mandatory discovery rule. Comm.. v. Galloway, 771 A2d 65, super. 2001. Criminal law 627.8 [6].


## COUNSEL IS DEEMED INEFFECTIVE


1.counsel was not working in the best interest of this defendant. Counsel had a legal obligation to move for dismissal when counsel was informed that the defendant had not been brought to trial within **365 DAYS**, which is a violation of PA. R. CRIM. P. 600 [G]. commonwealth v. marcone, 487 pa. 572, 410 A.2d 759 [1980]. Pennsylvania code of professional responsibility cannon 6: D6-101 [1977]. And also for not arguing that there is a brady violation concerning missing evidence favorable to the defense. Brady v. Maryland, 373 U.S.83 [1963].

2.evidence that would tend to exculpate a defendant or reduce the penalty may not, as a constitutional matter. Be withheld, and a rule of court to the contrary must give way. [per pomeroy, j.,with two justice concurring and three justice concurring in the result.] com. V. martin, 348 A2d 391, 465 pa. 134, sup. 1975.

2

331

3.evidence is always relevant and material to defense, for purpose of discovery request, if it tends to show that specific crime of which defendant stands accused was committed by someone else. Com. V. novasak, 606 A.2d 447, 414 pa. super. 21, super. 1992.

4.the defendant made a request for the pre-trial discovery on july 2, 2008, and has not received the exculpatory hat and gloves involved in this case. Suppression of evidence favorable to the defendant has ensued prejudice, by not being able to present evidence that would have exonerated the defendant.

5.suppression by prosecution of evidence favorable to accused violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of the prosecution. Comm. v. freeman, 433 A.2d 499, 289 pa. super. 1981.

## FURTHER SUPPORTING EVIDENCE

1.counsel Ronald j. gross, esq.,is ineffective for not objecting to the altered vhs surveillance tape, and the altered dvd version. On January 26, 2009, counsel Ronald j. gross, esq.,the defendant, and the district attorney seth bortner, esq.,reviewed the vhs surveillance tape at the York county courthouse inside judge Thomas h. kelley's conference room, after viewing the vhs surveillance tape, attorney Ronald gross,esq.,expressed to the court that all his client was doing was walking and not committing any crime, SEE: transcript date January 26, 2009, judge Thomas h. kelley's court room., at the defendant's trial on may 11, 12, 2009, upon viewing the vhs surveillance tape which shows an individual attempting to break into the courthouse, this extra footage was not on the vhs tape on January 26, 2009, which is clearly tampering with evidence. 42 pa. c.s.a. 4911. Tampering with public records or information.

2.the defendant's mother mrs. white, has a copy of the dvd version, and still pictures from the dvd version, the defendant has viewed the dvd version several times, which shows the defendant being arrested, and later on the dvd shows an individual of a caucasian descent attempting to break into the courthouse, but during trial on may 11,12, 2009, upon viewing the dvd version, which shows an individual attempting to break into the courthouse, and then shows the defendant being arrested, the arrest and the attempt of the individual trying to break into the courthouse have been switched to gain an conviction. The defendant was in custody befor the attempted break in occurred. This is clearly tampering with tangible evidence and altering evidence. Commonwealth v. barger, 249 PA Super 59, 375 A.2d. 756 (1977). Which has prejudiced the defendant severely.

3. The commonwealth never established a chain of custody with the hat, gloves, and VHS surveillance tape or with the DVD version. The defendant asserts that prejudice has ensued by

**3.**

the commonwealth's willfully suppressing or withholding favorable exculpatory evidence, and altering evidence to obtain an conviction.

4. The court error when it denied the defendant's mother to testify to the still pictures she took off of the DVD version, the defendant's mother could have testified to wear the pictures come from ,and the jury should have been allowed to view all evidence involved in this case, the courts denial to allow the still pictures taken from the DVD version was in fact prejudice to the defendant, whether or not the pictures were to blurry to establish identity, pictures clearly showed the complexion of the individual attempting to break into the courthouse was of a lighter skin tone then the defendant. Com. V. Jones, 637 A.2d. 1001, 432 PA. Super. 1994. Criminal Law 700 (2.1)

5. The defendant did not have a fair and impartial jury of his peers, all jurors was of a Caucasian descent, and the defendant is a black male, this was an extravagant prejudice to the defendant.

6. On January 26, 2009, counsel Ronald J. Gross, esq., the defendant, and district attorney Seth Bortner, esq., reviewed the VHS tape of the attempted break in of the courthouse, which clearly showed cpl. Shawn Brady assaulting the defendant, by striking the defendant on the head with his collapsible baton, while the defendant was laying on the ground and handcuffed. The defendant viewed the DVD version earlier of the attempted break in of the York county courthouse , which also showed the defendant being assaulted by cpl Shawn Brady, but upon viewing the VHS tape and the DVD version May 11, 12, 2009, at the defendants trial there had been alterations done to the VHS surveillance tape and the DVD version, since the assault on the defendant by cpl Shawn Brady had been removed from the VHS surveillance tape and the DVD version. This act is clearly altering and tampering with tangible evidence. The defendants mother has a copy of the DVD version, that was given to her by John P. Nebblett, esq., which clearly shows the defendant being assaulted. The defendant did not receive a fair trial by the court allowing the prosecution to introduce or show tainted evidence, which has extremely prejudiced the defendant. 42 PA. C.S.A. 4911 Tampering with public records or information.
Commonwealth v. Barger, 249 PA Super. 59, 375 A.2d 756 (1977)

7. The VHS surveillance tape and DVD version was unsealed at trial on may 11, 2009, the VHS tape and DVD version was out of the defendants and Jury's view for an entire day unsealed. The chain of custody has been broken, which has prejudiced the defendant,by allowing the commonwealth to switch the VHS tape and DVD surveillance. The VHS and DVD surveillance was viewed on may 12 2009.

4

IN THE SUPERIOR COURT OF PENNSYLVANIA FOR THE
MIDDLE DISTRICT

WITH FURTHER SUPPORTING EVIDENCE

1. the defendant was arrested on march 17, 2008, and charged with several charges related to an attempt to break into the york pa. county courthouse.

2. the defendant filed a motion for arrest of judgment on may 15,2009,the judge returned a order, and the motion, because the defendant has a counsel of record,but allowed the defendant to file the motion for arrest of judgment once the defendant has filed the proper motion to withdraw counsel,or retain another counsel to file the motion.the defendant has filed a motion to withdraw counsel on june 1, 2009,which is still pending.

3. the defendant has resubmitted the motion for arrest of judgment on june 9, 2009,and now submits that the prosecution has done nothing other than make blanket assertions.

4. new trial is warrant on challenge to weight of evidence only if verdict is so contrary to evidence as to shock one's sense of justice. Com. V. fox, 619 A.2d 327, 422 Pa. super. 224, super. 1993, appeal denied 634 A.2d 222, 535 Pa. 659. Criminal law 936 [1].the defendant asserts that the verdict was against the weight of the evidence.

5. none of the witnesses that testified at the defendant's trial on may 11, 12, 2009, to seeing the defendant at the doors of the courthouse with a screwdriver on march 17, 2008, attempting to break into the courthouse. verdict cannot rest on disbelief of some testimony by jury; there must be evidence that, if believed, is strong enough to support finding of guilt beyond reasonable doubt. Com. V. wiley, 432 A.2d 220, 288 Pa. super 397. Super. 1981. Criminal law 561 [1].

1

6.there was doubt that should have shocked the courts senses, the evidence offered to support guilty verdict is in contradiction to physical fact, then evidence is insufficient as of law. Com. V. smith, 853 A.2d 1020, super. 2004. Criminal law.

7. no physical or circumstantial evidence placed the defendant at the doors of the courthouse attempting to break into the courthouse, and there was exculpatory evidence missing that could have exonerated the defendant. Hence the verdict should be vacated and all charges dismissed.

5

8. With respect to claim that jury's verdict was not supported by sufficient evidence, appropriate remedy would be discharge and and dismissal of all charges; where verdict is against weight of evidence, proper remedy is new trial. Com. V. ruffin, 463 A.2d 1117, 317 Pa. super. 126, super. 1983. Criminal law 1189.

9. Proper remedy when verdict is against weight of evidence is for defendant to be given new trial; however, when evidence is insufficient to support verdict, defendant is entitled to have charges against him dismissed outright. Com. V. cardona, 463 A.2d 11,316 Pa. super. 381, super. 1983. Criminal law 1189.

10. The defendant asserts that the evidence was insufficient to support a guilty verdict, none of the witnesses identified the defendant as the person trying to break into the york county courthouse with a screwdriver, the VHS surveillance and the DVD version has been altered and tampered with to persuade the jury, and EXCULPATORY favorable evidence is missing, that would have EXONERATED the defendant.

11. 8956 criminal defendant, may, at his or her discretion. File postsentence motions or proceed directly with appeal to the superior court. Com. V. chamberlain, 658 A.2d 395, 442 Pa. super. 1995. Criminal law 1026.

12. In reviewing a refusal to arrest judgment, if the evidence viewed in the light most favorable to the verdict winner is not sufficient to establish guilty beyond a reasonable doubt of the crime charged, then the motion should have been granted. Com. Mc fadden, 850 A.2d 1290, super. 2004. Criminal law. 968 [8].

13. A defendant who wishes to seek new trial on grounds that verdict was contrary to weight of evidence must necessarily raise that issue via postsentence motion in trial court; if trial court denies motion, defendant may then file an appeal in which trial court's exercise of discretion will be subject to review. Com. V. tapper, 675 A.2d 740, 450 Pa. super. 220, super. 1996. Criminal law 1156 [2].

14. On a motion for a new trial on ground that the verdict is contrary to the weight of the evidence, the trial judge does not sit as the 13th juror, but rather, the role of the trial judge is to determine that notwithstanding all the facts, are so certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. Com. V. hunter, 768 A.2d 1136, super. 2001, appeal denied 796 A.2d 979, 568 Pa. 695. Criminal law 935 [1].

335

On July 06, 2009 Judge Thomas M. Kelley committed an arbitrary act, and abuse of his discretion. Kelley informed me that he was going to deny my arrest of judgment motion at sentencing, because of my past history.

On May 13th Judge Thomas H. Kelley did not inform me of my right to appeal. My attorney Ronald J. Gross informed me on May 13, 2009 that I could appeal after 30 days which was incorrect.

336

## RELIEF SOUGHT

The defendant Kenneth w. Ashford, respectfully request that the verdict be vacated, and or grant a new trial, and dismiss all charges for the reason stated in this motion for arrest of judgment, for the commonwealth's failure to disclose exculpatory material, which deprived the defendant of a fair trial. Com. v. Johnson, 815 A.2d 563, 572 pa. pa. 283, sup. 2002.700 [2.1],and for the defendants ineffective counsels refusal to argue rule 600 [G], and other issue that have prejudiced the defendant that are stated inside this motion for arrest of judgment,concerning alterations of the **VHS** surveillance tape and the **DVD** version.,and for the fact that the evidence was insufficient to support verdict.

1.

I,Kenneth w. Ashford, duly swear that the above statements given are true and  correct to the best of my knowledge, information, and belief.

DATE:                                      *Kenneth m. Ashford*

KENNETH W. ASHFORD, PRO S
3400 CONCORD ROAD
YORK, PA.  17402

7

337

IN THE SUPERIOR COURT OF PENNSYLVANIA FOR THE
MIDDLE DISTRICT


I,Kenneth w. Ashford, pro se, hereby certify that I am mailing a true and correct copy of the motion in arrest of judgment, to appeal commonwealth's judgment to the person[s] listed below by U.S. mail on this date:  7 - 06 - 09


Karen reid bramblett, esquire
prothonotary
100 pine street, suit 400
Harrisburg, Pa.  17101

H. Stanley Rebert
District attorney
York, county judicial center
45  north George street
York, Pa.  17401


DATE:                                        

KENNETH W. ASHFORD, PRO SE
3400 CONCORD ROAD
YORK, PA. 17402


8

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | **CP-67-CR-2467-2008** |
| | : | |
| | : | **CRIMINAL ATTEMPT** |
| **vs.** | : | **BURGLARY** |
| | : | **CRIMINAL TRESPASS** |
| **KENNETH W. ASHFORD,** | : | **PIC** |
| **Defendant** | : | |

### DIRECTION TO APPELLANT TO FILE STATEMENT OF MATTERS COMPLAINED OF PURSUANT TO Pa.R.A.P. 1925(b)

Appellant, Kenneth W. Ashford, Pro Se, filed an appeal to the Pennsylvania Superior Court from the Order of this Court entered on June 29, 2009. Pursuant to Pa.R.A.P. 1925(b), Appellant is directed to file of record and serve on the undersigned a concise statement of the matters complained of on appeal no later than twenty-one (21) days after the entry of this Order. A failure to comply with this direction may be considered by the Pennsylvania Superior Court as a waiver of all objections to the Order, ruling or matter complained of.

Appellant has the right to assistance of counsel in the preparation of this appeal.

If Appellant is indigent, Appellant may appeal *in forma pauperis* and may proceed with assigned counsel as provided in Rule 122.

**BY THE COURT:**

Dated: August 12, 2009

THOMAS H. KELLEY VI, Judge

DON O'SHELL
CLERK OF COURTS
2009 AUG 13 AM 10: 41
RECEIVED/FILED
YORK COUNTY
JUDICIAL CENTER

IN THE COURT OF COMMON PLEAS YORK COUNTY

PENNSYLVANIA CRIMINAL DIVISION


COMMONWEALTH OF PENNSYLVANIA

     VS

   Kenneth W Aahford       NO. CP-67-2467-2008

<u>STATEMENT MATTERS FOR APPEAL</u>

RECEIVED/FILED
YORK COUNTY
JUDICIAL CENTER
2009 AUG 31   PM 2:08
DON O'SHELL
CLERK OF COURTS

AND NOW ON THIS 27 ,DAY OF AUGUST, 2009, comes

The defendant Kenneth W ashford PRO SE, Who Presents

the matters complained of on appeal.


Ineffective Counsel for not objecting to the altered V.H.S Tape,

and the D.V.D version of the attempted break in of the York County

CourtHouse.

Mr Gross has a copy of the D.V.D surveilance, and knows the

defendant was arrested before the attempted break in occured.

Mr Gross viewed the V.H.S surveilance tape on Jan. 26, 2009, and

afterwards expressed to the court that all his client was doing

is walking not committing any crime.

However during trial on May 12, 2009 upon viewing the tape there

was extra footage of an individual attempting to break into the

York County CourtHouse.

Counsel never objected to the alteration, which prejudiced the

defendant


2) Counsel Ronald J Gross Esquire, is ineffective for not

objecting that there is "MISSING EXCULPATORY EVIDENCE". That was

not presented at the defendants trial on May 11,12,2009. Which

340
r

prejudice the defendant by allowing the prosecution to supress
or withhold favorable evidence,

which is a Brady Violation.

3) Counsel Ronald J Gross is ineffective for not objecting that
the defendant had not been brought to trial within 365 days,
which is a violation of P.R.O.C Rule 600(G)

## ISSUES COMPLAINED OF FOR APPEAL

1) Ineffective Counsel, see above statements.

2) Brady violation, the defendant is accused of trying to break into the York County CourtHouse wearing a hat and gloves that was located near the loading dock door by sheriff Cyprian Igwe, who testified at the defendants trial to collecting the hat gloves and taking them to to booking to be logged in as evidence. The defendant has requested the hat and gloves for D.N.A analysis to prove innocence.

The prosecution has refused to turn over exculpatory evidence, which is a Brady violation.

3) Unfair and impartial jury, the defendant was forced to pick a impartial jury, as all forty (40) of the juror's had to choose from were of a caucasian descent, and the defendant is a black male.

4) Rule 600(G), The defendant was not brought to trial within 365 days, which is a violation of Pa.R.O.C 600(G).

5) Chain Of Custody with evidence, the prosecution never established a chain of custody with the V.H.S surveilance or the D.V.D version, the V.H.S tape and the D.V.D version were unsealed at the defendant's trial on May 11,2009 and in the prosecution possession unsealed an entire day to be viewed on May 12,2009, which has broken the chain of custody, and prejudice the defendant.

6) Altering and tampering with tangible evidence. Since the defendant viewed the V.H.S surveilance tape on Jan.26,2009, which

altering and tampering with tangible evidence.

I, Kenneth W Ashford, PRO se, Duly swear that the above
statements given are true and correct to the best of my

knowledge, information, and belief.

DATE: 8-27-09

Kenneth W. Ashford
KENNETH W ASHFORD
BOX 0244
Graterford Pa. 19426-0244

343

<u>PROOF OF SERVICE</u>

I Kenneth W Ashford, Pro Se. Hereby Certify that I am mailing a true and correct copy of the statements of matters complained on <u>appeal</u> to the person(s) listed below by U.S. MAIL on this date:

JUDGE THOMAS H.KELLY

45 North George street

York County Courthouse

York,Pa 17401


CLERK OF COURTS

45 North George Street

York County Courthouse

York,Pa 17401


Date *AUGUST 27, 2009*

*Kenneth W. Ashford*

Kenneth W Ashford Pro Se

Box 244

Graterford,Pa 19426-0244

344

016H26520934
$00.44⁰
08/27/2009
Mailed From 19426
US POSTAGE

Hasler

PA DEPARTMENT OF CORRECTIONS
INMATE MAIL

CLERK OF COURT
YORK COUNTY COURTHOUSE
45 NORTH GEORGE STREET
YORK PA. 17401

KENNETH W. ASHFORD, BV-5677
Box 244
Graterford, PA 19426-0244

RECEIVED/FILED
YORK COUNTY
JUDICIAL CENTER

2009 AUG 31   PM 2:08

DON S.HELLRK OF COURTS

17401$1292 C004

**IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF<br>PENNSYLVANIA | : | CP-67-CR-2467-2008 |
| | : | |
| | : | **CRIMINAL ATTEMPT** |
| vs. | : | **BURGLARY** |
| | : | **CRIMINAL TRESPASS** |
| KENNETH W. ASHFORD, | : | **PIC** |
| Defendant | : | |

DON O'SHELL
CLERK OF COURTS
2009 OCT -8 AM 10: 57
RECEIVED/FILED
YORK COUNTY
JUDICIAL CENTER

## OPINION PURSUANT TO RULE 1925(a) OF
## THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE

Appellant, Kenneth W. Ashford, pro se, filed an appeal to the Pennsylvania Superior Court from the Order of this Court entered on June 29, 2009. On August 12, 2009, the Court directed Appellant to file a concise statement of the matters complained of on appeal. On August 31, 2009, the Court received Appellant's Rule 1925(b) statement.

The Court instructed Appellant that he has the right to the assistance of counsel and could apply for assistance through the Public Defender's Office or for court-appointed counsel if the Public Defender's Office had a conflict of interest. Appellant declined to follow the Court's recommendation.

## FACTS AND PROCEDURAL HISTORY

On March 17, 2008, Appellant was arrested and charged with Criminal Attempt Burglary, Criminal Attempt to Commit Criminal Trespass, Possession of an Instrument of Crime, Institutional Vandalism, and Criminal Mischief. The Commonwealth alleged Appellant attempted to break into the York County Courthouse. Ronald Gross, Esquire represented

Appellant during the jury trial.

During the course of litigation, the Court received numerous motions. Appellant filed pro se motions and Appellant's counsel filed motions on behalf of Appellant.

On June 30, 2008, Appellant filed a pro se Motion to Dismiss. On July 15, 2008, Appellant filed a pro se Writ of Habeas Corpus. On September 22, 2008, Appellant filed a pro se Motion to Dismiss. On December 23, 2008, defense counsel filed a Motion to Dismiss. On December 29, 2008, Appellant filed a pro se Motion to Dismiss and Withdraw as Counsel.

On May 12, 2009, Appellant was convicted by a jury of Criminal Attempt Burglary, Criminal Attempt to Commit Criminal Trespass, Possession of an Instrument of Crime, Institutional Vandalism, and Criminal Mischief.

On May 15, 2009, Appellant filed a pro se Motion For Arrest of Judgment. This motion was returned to Appellant because Attorney Gross represented him at the time the motion was filed.

On June 9, 2009, Appellant filed a pro se Motion For Arrest of Judgment. On June 29, 2009, the Court granted Attorney Gross' request to withdraw as counsel. After the Court instructed Appellant about his right to be represented by counsel, Appellant elected to proceed pro se.

On July 6, 2009, the Court sentenced Appellant to a total of five and one half (5½) to eleven (11) years in the state correctional institute. At the sentencing hearing, the Court noted that Appellant filed multiple post-sentence motions and requested Appellant to put all of his post-sentence allegations in one motion for the Court to review.

2

On July 8, 2009, the Court received a Post Sentence Appeal Motion and a Motion in Arrest of Judgment. On July 20, 2009, Appellant filed a Post Sentence Appeal Motion and a Motion in Arrest of Judgment. Appellant's motions contain the same issues that are discussed in this Opinion.

## DISCUSSION

In Appellant's Rule 1925(b) statement, Appellant raised issues alleging ineffective assistance of trial counsel and alleged errors made by the Court during Appellant's jury trial. Appellant raised the following issues alleging ineffective assistance of trial counsel:

I.    Ineffective Counsel for not objecting to the altered V.H.S. Tape, and the D.V.D. version of the attempted break in of the York County Courthouse.

II.   Counsel Ronald J. Gross Esquire, is ineffective for not objecting that there is "MISSING EXCULPATORY EVIDENCE." That was not presented at the defendant's trial on May 11, 12, 2009. Which prejudice the defendant by allowing the prosecution to suppress or withhold favorable evidence, which is a Brady Violation.

III.  Counsel Ronald J. Gross is ineffective for not objecting that the defendant had not been brought to trial within 365 days, which is a violation of Rule 600(G).

The Court did not address Appellant's claims of ineffective assistance of counsel because Appellant raised the same issues as Court errors. The appellate courts have reiterated that claims of ineffective assistance of trial counsel are not to be raised on direct appeal, but must await collateral review. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002); *see also Commonwealth v. Henke*, 851 A.2d 185 (Pa.Super. 2004), *appeal denied* 863 A.2d 1144 (Pa. 2004) and *Commonwealth v. Crosby*, 844 A.2d 1271 (Pa.Super. 2004). This rule is designed to

3

further judicial economy and avoid forcing the appellate courts to act as fact finders, rather than to keep such claims out of the trial courts. *See Grant,* 813 A.2d at 736.

The Pennsylvania appellate courts created exceptions to the general rule and permit trial courts to address claims of ineffective assistance before appellate review. Trial courts may address the merits of an ineffective assistance claim in a post-sentence motion. In *Commonwealth v. Bomar*, 826 A.2d 813 (Pa. 2004), *cert. denied* 540 U.S. 1115 (2004), the Pennsylvania Supreme Court stated that an exception to the general rule of deferral exists where the trial court conducts a hearing on the merits of a defendant's claims of ineffective assistance of counsel. *See also Commonwealth v. Hudson*, 820 A.2d 720 (Pa.Super. 2003), *appeal denied* 844 A.2d 551 (Pa. 2004).

The Court declined to conduct a hearing on the merits of Appellant's claims of ineffective assistance of his trial counsel, Ronald Gross, which were raised in Appellant's multiple post-trial motions. Appellant's allegations of ineffective assistance are premised on alleged errors made by this Court during Appellant's trial. The Court will address Appellant's points of error that were raised during the pretrial phase, Appellant's jury trial, and repeated in Appellant's post-trial motions.

Appellant alleged the Court made the following errors:

4

**IV.** Brady violation, the defendant is accused of trying to break into the York County Courthouse wearing a hat and gloves that was [sic] located near the loading dock door by sheriff Cyprian Igwe, who testified at the defendant's trial to collecting the hat [and] gloves and taking them to booking to be logged in as evidence. The defendant has requested the hat and gloves for D.N.A. analysis to prove innocence. The prosecution has refused to turn over exculpatory evidence, which is a Brady violation.

Appellant argues that the Commonwealth violated *Brady* by failing to preserve and produce a hat and a pair of gloves found at the crime scene. Appellant claims that if these items had been produced, they could have been tested for DNA, which would have exonerated Appellant.

Corporal Ciprian Igwe testified that he collected an eyeglass, a hat, and a screwdriver from behind the courthouse. (May 11-12, 2009 T.T. 125) Corporal Shawn Brady testified that when he arrested Appellant, Appellant had a black hoodie, black knit cap, black gloves, jeans, and dark sneakers or boots. (May 11-12, 2009 T.T. 151) Corporal Brady testified that Appellant signed the property inventory form, which indicated the property Appellant had when he was taken into custody. (May 11-12, 2009 T.T. 153) The inventory form had a black hat listed. (May 11-12, 2009 T.T. 153) Corporal Brady testified that the gloves were not listed because when Appellant was arrested, the gloves were taken off so Appellant could be handcuffed. (May 11-12, 2009 T.T. 153) Corporal Brady testified that he might have put the gloves in Appellant's jacket. (May 11-12, 2009 T.T. 154)

Although Appellant argues a *Brady* violation, appellate courts have analyzed the failure to conduct DNA testing as a Due Process violation. *See Commonwealth v. Brison*, 618 A.2d 420 (Pa.Super. 1992). The *Brison* court examined all of the evidence presented before

5

determining that DNA testing should have been ordered on samples taken from a rape victim. The *Brison* court questioned the victim's testimony about the identification of her attacker and found that the Commonwealth did not have conclusive physical evidence linking the defendant to the crime.

In *Commonwealth v. Snyder*, 963 A.2d 396 (Pa. 2009), the Pennsylvania Supreme Court considered the issue of evidence that is destroyed before the defense has a chance to conduct tests which might produce exculpatory results. Applying the United States Supreme Court precedents in *Arizona v. Youngblood,* 488 U.S. 51 (1988) and *California v. Trombetta,* 467 U.S. 479 (1984), the court held that a defendant must show bad faith to establish a Due Process violation based on destruction of evidence which is merely "potentially useful." *Snyder* 963 A.2d at 406. Under this decision, defendants must prove bad faith if the evidence in question is "evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Snyder* 963 A.2d at 402 (quoting *Youngblood,* 488 U.S. at 57).

This matter is similar to *Brison* and *Snyder*, rather than a *Brady* violation. Appellant has not produced any support for his contention that the evidence would have exculpatory value, and his argument is only a "mere assertion." *See Commonwealth v. Small,* 741 A.2d 666, 676 (Pa. 1999), *cert. denied* 531 U.S. 829 (2000). Appellant has not introduced any evidence to suggest that the police acted in bad faith. By Appellant's version of events, the police either lost or destroyed the evidence, on which Appellant hoped to perform tests, which could have produced exculpatory results. This case does not involve a prosecutor suppressing

evidence, or failing to disclose knowledge of exculpatory evidence. DNA testing on the gloves would only be "potentially useful." Importantly, Appellant was arrested at the scene of the attempted break-in at the courthouse and captured on video surveillance. Also, Corporal Brady testified that Appellant had gloves, but the gloves may have been placed in his jacket so Appellant could be handcuffed.

> **V.    Unfair and impartial jury, the defendant was forced to pick a [sic] impartial jury, as all forty (40) of the juror's had [sic] to choose from were of a Caucasian descent, and the defendant is a black male.**

The Court assumes that Appellant is arguing his Sixth Amendment right to a fair cross-section requirement for jury pool selection was violated because the jury panel did not include African Americans. This issue was not raised during jury selection.

In *Commonwealth v. Lopez*, 739 A.2d 485 (Pa. 1999), *cert. denied* 530 U.S. 1206 (2000), the Pennsylvania Supreme Court stated a defendant must demonstrate the following:

> (1) the group allegedly excluded is a distinctive group in the community; (2) representation of this group in the pool from which juries are selected is unfair and unreasonable in relation to the number of such persons in the community; and (3) the under-representation is due to the systematic exclusion of the group in the jury selection process. *Duren v. Missouri,* 439 U.S. 357, 364 (1979). In *Duren,* the United States Supreme Court stated that, in order to establish the second prong of the prima facie case, one "must demonstrate the percentage of the community made up of the group alleged to be underrepresented, for this is the conceptual benchmark of the Sixth Amendment fair cross-section requirement." *Id.*

*Lopez*, 739 A.2d at 495. This is a difficult standard for a defendant to prove because a defendant must present statistics and prove that the jury pool selection process systematically excludes these individuals.

7

Appellant has not met the *Lopez/Duren* standard. Appellant has only alleged that he did not have a fair cross-section. Appellant has not presented evidence that the York County jury pool selection process systematically excludes African Americans.

### VI.   Rule 600(G), the defendant was not brought to trial within 365 days, which is a violation of 600(G).

The Commonwealth did not deny Appellant his right to a speedy trial because the Commonwealth made a diligent effort to bring Appellant to trial. Pa.R.Crim.P. 600 sets forth the speedy trial requirements and provides in pertinent part:

> (A)(2)  Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.
>
> (A)(3)  Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.
>
> &ast;                    &ast;                    &ast;
>
> (C)  In determining the period for commencement of trial, there shall be excluded therefrom:
>  (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;
>  (2) any period of time for which the defendant expressly waives Rule 600;
>  (3) such period of delay at any stage of the proceedings as results from:
>    (a) the unavailability of the defendant or the defendant's attorney;
>    (b) any continuance granted at the request of the defendant or the defendant's attorney.

Under Rule 600(C)(1)-(3)(b), the Court must exclude from the calculation any time period that results from Appellant's unavailability, Appellant's request for a continuance, or any period of time that Appellant waives Rule 600.

On March 17, 2008, Appellant was arrested and charged. The technical Rule 600 run date would have been March 17, 2009. Three attorneys represented Appellant between

8

Appellant's arrest and his conviction. Appellant filed a number of pro se motions while represented by counsel Appellant retained.

Appellant's jury trial commenced on May 11, 2009. This trial date was fifty-five (55) days past the technical Rule 600 run date. The fifty-five (55) days can be excluded from the Rule 600 calculation because the days are attributable to Appellant under Rule 600(C)(3)(a). On June 17, 2008 at Appellant's pretrial conference, Appellant's trial was placed on the Court's trial list for the August 11-22, 2008 trial term. On August 27, 2008, the Court granted Attorney John Neblett's motion to withdraw as Appellant's counsel. The Court instructed Appellant that he could receive representation through the Public Defender's Office. The Court indicated that Rule 600 time would toll against Appellant because of this delay. On September 16, 2008, Attorney David MacVeigh from the Public Defender's Office entered his appearance on behalf of Appellant. On September 19, 2008, Attorney Ronald Gross entered his appearance on behalf of the Appellant.

Appellant's counsel addressed the pro se Rule 600 motion before Appellant's trial. Attorney Gross indicated that the motion was not meritorious and the Court considered the motion waived. (May 11-12, 2009 T.T. 3) Appellant raised this issue in the pro se post-trial motion, so the Court will address his argument.

Appellant was not denied his right to a speedy trial. Appellant was dissatisfied by his counsel's performance. This is evidenced by his multiple pro se motions alleging ineffective assistance. Appellant has not alleged that the Commonwealth did not exercise due diligence.

The fifty-five (55) days can be excluded because Appellant retained different counsel. Also, the time period can be excused because of the Court's trial docket.

**VII.   Chain of Custody with evidence, the prosecution never established a chain of custody with the V.H.S. surveillance or the D.V.D. version, the V.H.S. tape and the D.V.D. version were unsealed at the defendant's trial on May 11, 2009 and in the prosecution [sic] possession unsealed an entire day to be viewed on May 12, 2009, which has broken the chain of custody, and prejudice the defendant.**

Appellant argues the Commonwealth did not establish a chain of custody with the VHS or DVD version of the surveillance video of the attempted courthouse break-in. Appellant's counsel and the Commonwealth stipulated as to the chain of custody of the video surveillance. (May 11-12, 2009 T.T. 116) Regardless, the Commonwealth presented sufficient testimony to establish a chain of custody.

A chain of custody satisfies the requirement "that the identity and condition of tangible evidence remai[n] unimpaired until it [i]s surrendered to the trial court." *Commonwealth v. Hudson*, 414 A.2d 1381, 1387 (Pa. 1980).

Corporal Thomas R. McCune from the Sheriff's Office testified about how video footage is preserved on VHS and DVD. (May 11-12, 2009 T.T. 110-116) Corporal McCune testified that he made a backup DVD copy of the video surveillance footage. (May 11-12, 2009 T.T. 115) Corporal McCune testified that the footage could not be altered. (May 11-12, 2009 T.T. 115-116) Corporal McCune identified the VHS and a DVD, which was marked as Commonwealth's Exhibit 2. (May 11-12, 2009 T.T. 116-117)

10

The Commonwealth presented sufficient testimony through Corporal McCune to establish a chain of custody.

**VIII. Altering and tampering with tangible evidence. Since the defendant viewed the V.H.S. surveillance tape on Jan. 26, 2009, which showed the defendant was only walking and not committing any crime, but upon viewing the V.H.S. tape on May 12, 2009, which showed an individual attempting to break into the Courthouse this extra was not on the V.H.S. tape on Jan. 26, 2009 which is clearly altering and tampering with tangible evidence.**

Appellant argues the video surveillance taken by the courthouse security cameras was tampered with. After the Commonwealth's case in chief, defense counsel stated on the record that Appellant wanted to challenge the authenticity of the VHS tape, but defense counsel believed the VHS tape was authentic. (May 11-12, 2009 T.T. 173-174)

This is a question of fact that was argued to the jury by Appellant's counsel. Defense counsel cross-examined Corporal McCune about the operation of the cameras, access to the footage, and how the surveillance was recorded. (May 11-12, 2009 T.T. 117-121)

Corporal McCune testified about how the video surveillance outside of the courthouse was recorded. (May 11-12, 2009 T.T. 110-116) Specifically, Corporal McCune testified the video footage is saved on a hard drive and can be transferred to a disk. (May 11-12, 2009 T.T. 111-112) Corporal McCune also testified that an officer viewing what was occurring can record the footage. (May 11-12, 2009 T.T. 112-113, 118) Corporal McCune explained the difference between the VHS and the DVD version. (May 11-12, 2009 T.T. 113-114) He testified that the VHS plays all the frames it is seeing and the DVD version only records two to three frames per second. (May 11-12, 2009 T.T. 113) Also, Corporal McCune testified that he

11

did not alter the footage that was captured. (May 11-12, 2009 T.T. 115)

## **CONCLUSION**

The Court refers the Pennsylvania Superior Court to the transcript of Appellant's jury trial and the Sentencing Order. The Court relies on and incorporates said transcript, Order, and this Opinion as the Court's Rule 1925(a) Opinion.

BY THE COURT:

Dated: October 7ᵗʰ, 2009

THOMAS H. KELLEY VI, Judge

12

357

IN THE SUPERIOR COURT OF PENNSYLVANIA
FOR THE MIDDLE DISTRICT

Received in Superior Court
NOV 2 5 2009
MIDDLE

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | No. 1259 MDA 2009 |
| | : | Trial Court Docket No. |
| vs. | : | CP: 67-CR-0002467-2008 |
| | : | CR: -0000149-08 |
| Kenneth W. Ashford | : | |

FILED
NOV 2 5 2009
SUPERIOR COURT
Middle District

## MOTION FOR EXTENTION OF TIME

AND NOW; THIS _22_ DAY OF _november_ 2009 A.D., COMES PETITIONER Kenneth W. Ashford (BY-5677), who presents the following reasons:

1.   The petitioner Kenneth W. ashford (By-5677), has not received the Transcripts pertaining to this case to perfect or submit a proper "BRIEF" in this court.

2.   The petitioner has made several request to the Clerk of Court and the District Attorney's Office at 45 North George Street, York, PA 17401, for trial transcripts and other court proceedings, but has not been furnished with any of the said records, or any response.

3.   The petitioner's mother and father are in the process of obtaining an attorney to litigate the case.

For the reasons stated in this motion, the petitioner respectfully requests that this court GRANT the petitioner an extention of time to file an Appeal Brief, and also ORDER the Clerk of Court and/or District Attorney's Office of York County, PA, to turn over trial transcripts, and the "Brady" hearing transcripts dated... January 26, 2009, and trial transcripts dated... May 11-12, 2009.

1.

## VERIFICATION

I, Kenneth W. Ashford, (BY-5677) aver pursuant to 18 Pa. C.S.A. § 4904 and state that the foregoing statements are TRUE and CORRECT to the best of my Knowledge, Information and Belief.

s/ *Kenneth W. Ashford*
Kenneth W. Ashford, BY-5677
SCI-GRATERFORD
P.O. Box 244
Graterford, PA 19426-0244

Date: november 22 2009 A.D.

2.

## IN THE SUPERIOR COURT OF PENNSYLVANIA
### FOR THE MIDDLE DISTRICT

## PROOF OF SERVICE

I, Kenneth W. Ashford, declare that I am mailing the fore-
going motion for Extention of Time to the following individuals
listed below by U.S. Postal First Class Mail which satisfies the
requirements of Pa. R.A.P. 121 on this date: November 22 2009.


Milan K. Makohrad, Esq.
Deputy Prothonotary
Pennsylvania Judicial Center
P.O. Box 62435
601 Commonwealth Avenue - Suite 1600
Harrisburg, PA 17106-2435

H. Stanley Rebert
District Attorney's Office
45 North George Street
York, PA 17401


s/ Kenneth W. Ashford
Kenneth W. Ashford, BY-5677
SCI-GRATERFORD
P.O. Box 244
Graterford, PA 19426-0244


Date: November 22 2009 A.D.


3.

**File Copy**

## Superior Court of Pennsylvania
Middle District

Karen Reid Bramblett, Esq.
Prothonotary
Milan K. Mrkobrad, Esq.
Deputy Prothonotary

Pennsylvania Judicial Center
P.O. Box 62435
601 Commonwealth Avenue, Suite 1600
Harrisburg, PA 17106-2435
(717) 772-1294
www.superior.court.state.pa.us

## CERTIFICATE OF REMITTAL/REMAND OF RECORD

TO:  Mr. O'Shell

RE:  Com. v. Ashford, K.
     1259 MDA 2009
     Trial Court: York County Court of Common Pleas
     Trial Court Docket No: CP-67-CR-0002467-2008
                            CR-0000149-08

     Annexed hereto pursuant to Pennsylvania Rules of Appellate Procedure 2571 and 2572 is the entire record for the above matter.

**Original Record contents:**

| Item | Filed Date | Description |
|------|-----------|-------------|
| Part | October 19, 2009 | 1 |
| Transcripts | October 19, 2009 | 1 |
| Envelope | October 19, 2009 | 1 |

**Additional Item(s):** Also enclosed, please find a copy of Superior Court Order dated 1/13/10, REMANDED TO BE RETURNED upon completion.

Remand/Remittal Date: 01/13/2010

     ORIGINAL RECIPIENT ONLY - Please acknowledge receipt by signing, dating, and returning the enclosed copy of this certificate to our office.  Copy recipients (noted below) need not acknowledge receipt.

Respectfully,

Milan K. Mrkobrad, Esq.
Deputy Prothonotary

/tp
Enclosure

361

Docket No:  1259 MDA 2009

**File Copy**

AOPC 102b
Rev. 09/13/2010
Instance: 2000794205

# Service List

Addressed To:   Mr. Don O'Shell
                Clerk of Courts
                York County Courthouse
                York County Judicial Center, 45 North George Street
                York, PA  17401



Karen Reid Bramblett, Esq.
Prothonotary
Milan K. Mrkobrad, Esq.
Deputy Prothonotary

**Superior Court of Pennsylvania**

Middle District

Pennsylvania Judicial Center
P.O. Box 62435
601 Commonwealth Avenue, Suite 1600
Harrisburg, PA 17106-2435
(717) 772-1294
www.superior.court.state.pa.us

January 13, 2010

RE:   Com. v. Ashford, K.
      No. 1259 MDA 2009
      Trial Court Docket No:  CP-67-CR-0002467-2008
                              CR-0000149-08

Dear  Judge Kelley

Enclosed  please  find  a  copy  of  an  order  dated  January 13, 2010  entered  in  the above-captioned matter.

Pursuant to the foregoing order, a certified copy of same is being forwarded to the Trial Court Judge and Trial Court, along with the Original Record.  A copy of the Motion, is also being forwarded to the Trial Court Judge.

Respectfully,

Milan K. Mrkobrad, Esq.
Deputy Prothonotary

/tp
Enclosure
cc:  Mr. Kenneth Winston Ashford
     Mr. Don O'Shell, Clerk of Courts
     Hugh S. Rebert, Esq.

363

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | (C.P. York Co. No. CP-67-CR-0002467-2008) |
| v. | : | |
| | : | |
| | : | No. 1259 MDA 2009 |
| Kenneth Winston Ashford | : | Filed: January 13th , 2010 |

## ORDER

As it appears that Appellant is proceeding *pro se* in this direct appeal, the application for relief filed by Appellant on November 25, 2009 is hereby **GRANTED** as follows:

The case is hereby **REMANDED** to the trial court for a period not to exceed 30 days. During that time the trial court shall provide Appellant with copies of documents, including transcripts, relevant to this appeal. The trial court may in its discretion direct Appellant's former counsel to provide Appellant with any copies of such documents that may be in his possession. The Prothonotary of this Court shall provide copies of this order and Appellant's motion to the trial court.

The briefing schedule has been vacated. Upon the return of the certified record to this Court, the Prothonotary shall establish a new briefing schedule. Jurisdiction is retained.

**Per Curiam**

2010 JAN 14 PM 12:58
DON O'SHELL
RECEIVED/FILED
YORK COUNTY
CLERK

TRUE COPY FROM RECORD
Attest: JAN 13 2010

Deputy Prothonotary
Superior Court of PA - Middle District

**IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** | : | **CP-67-CR-2467-2008** |
| | : | |
| | : | **CRIMINAL ATTEMPT** |
| **vs.** | : | **BURGLARY** |
| | : | **CRIMINAL TRESPASS** |
| **KENNETH W. ASHFORD,** | : | **PIC** |
| **Defendant** | : | |

<u>**ORDER**</u>

On January 13, 2010, the Pennsylvania Superior Court remanded this case for a period not to exceed 30 days because Appellant did not receive transcripts relevant to his appeal.

The Court directs the Clerk of Courts and Appellant's trial counsel to provide Appellant with copies of the documents he requested.

The Clerk of this Court is ordered and directed to do the following forthwith:

(a)     To serve a copy of this Order upon the District Attorney of York County.

(b)     To send a copy of this Order to Ronald Gross, Esquire.

(c)     To send a copy of this Order to the Petitioner.

**BY THE COURT:**

Dated: January 28, 2010

THOMAS H. KELLEY VI, Judge

RECEIVED/FILE
YORK COUNTY
JUDICIAL CENTER

2010 JAN 29 PM 1:58

DON O'SHELL
CLERK OF COURTS

365

Commonwealth of PA

v.

Kenneth Winston Ashford

IN THE SUPERIOR COURT OF
PENNSYLVANIA

(CP-67-CR-2467-2008)

No. 1259 MDA 2009

## ORDER

AND NOW, this 23rd day of June, 2010 the appeal

in this matter is **DISMISSED** for failure to file a brief.

**Per Curiam**

2011 MAR 11  AM 10: 48
DON O'SHELL
CLERK OF COURTS
RECEIVED/FILED
YORK COUNTY
JUDICIAL CENTER

**TRUE COPY FROM RECORD**
Attest:   MAR 09 2011

Deputy Prothonotary
Superior Court of PA - Middle District

366

3|3



# Supreme Court of Pennsylvania

Middle District

Irene M. Bizzoso, Esq.
Prothonotary
Elizabeth E. Zisk
Chief Clerk

601 Commonwealth Avenue, Suite 4500
P.O. Box 62575
Harrisburg, PA 17106
(717) 787-6181
www.pacourts.us

February 10, 2011

Mr. Don O'Shell
Clerk of Courts
York County Courthouse
York County Judicial Center, 45 North George Street
York, PA  17401

RE:    Commonwealth of Pennsylvania, Respondent
                              v.
        Kenneth Winston Ashford, Petitioner
        192 MM 2010

        Superior Docket No: 1259 MDA 2009
        Trial Court Docket No: CP-67-CR-0002467-2008

        Petition Document: Petition for Leave to File Petition for Allowance of Appeal, Nunc Pro
                                Tunc treated as a Petition for Leave to File Petition for Review Nunc
                                Pro Tunc.
        Disposition:  Order Denying Petition for Permission to File Petition for Review Nunc Pro
        Tunc.
        Disposition Date:  February 10, 2011


        Reargument/Reconsideration Disposition:
        Reargument/Reconsideration Disposition Date:

-/ma

CLERK OF COURTS
DON O'SHELL

2011 MAR -8  PM 1: 07

JUDICIAL CENTER
YORK COUNTY
RECEIVED/FILED

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 192 MM 2010

            Respondent         :

            v.            :

KENNETH WINSTON ASHFORD,      :

            Petitioner        :

## ORDER

**PER CURIAM**

    **AND NOW**, this 10th day of February, 2011, the Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc* treated as a Petition for Leave to File Petition for Review Nunc Pro Tunc is **DENIED**.



TRUE & CORRECT COPY
ATTEST: FEB 10 2011

ELIZABETH E. ZISK
CHIEF CLERK

CLERK OF COURTS
DON D. SHELL

2011 MAR -8 PM 1:07

JUDICIAL CENTER
YORK COUNTY
RECEIVED/FILED



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 USC §2254

_Kenneth Winston Ashford_ _____ (eff.8/1/01)

_____PETITIONER

(Full name) (Include name under which you were convicted)

vs.                    CASE NO. 11 ____ 1 ___ 8

_Mike Wenerowicz_                   (supplied by the Court)

_____RESPONDENT

(Name of Warden, Superintendent, Jailor, or authorized
person having custody of petitioner)

and

THE DISTRICT ATTORNEY OF THE COUNTY OF _York PA_ _____

and

THE ATTORNEY GENERAL OF THE STATE OF _Pennsylvania_ _____

ADDITIONAL RESPONDENT

_Kenneth Winston Ashford_ _____ _BY-5677_ _____
Name                              Prison Number

_S.C.I. Graterford, P.O. Box 244, Graterford, PA. 19426_ _____
Place of Confinement

(If petitioner is attacking a judgment which imposed a
sentence to be served in the future, petitioner must fill in the
name of the state where the judgment was entered.  If petitioner
has a sentence to be served in the future under a federal
judgment which he wishes to attack, he should file a motion under
28 U.S.C.§2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS - READ CAREFULLY

1. YOU MUST INCLUDE ALL POTENTIAL CLAIMS AND SUPPORTING
FACTS FOR WHICH YOU MIGHT DESIRE TO SEEK REVIEW BECAUSE A SECOND
OR SUCCESSIVE HABEAS CORPUS PETITION CANNOT BE FILED EXCEPT
UNDER VERY SPECIFIC AND RARE CIRCUMSTANCES REQUIRING
CERTIFICATION BY THE THIRD CIRCUIT COURT OF APPEALS AS SET FORTH IN
INSTRUCTION #13.

1

2. YOUR HABEAS CORPUS PETITION MUST BE FILED WITHIN THE 1-YEAR STATUTE OF LIMITATIONS TIME LIMIT SET FORTH IN 28 U.S.C. § 2244(d)(1).  IF YOU FILE A PETITION WITHIN THE 1-YEAR TIME LIMIT AND THEN WISH TO FILE A NEW ALL-INCLUSIVE HABEAS CORPUS PETITION RAISING ADDITIONAL CLAIMS, YOU CAN FILE A MOTION ASKING THE COURT FOR AN EXTENSION OF TIME OF 120 DAYS IF THE 1-YEAR TIME LIMIT HAS EXPIRED OR WILL EXPIRE WITHIN 119 DAYS OF THE DATE YOUR PETITION WAS FILED.

3.  Any false statement of a material fact in your petition, in a motion for leave to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for prosecution and conviction for perjury.

4.  This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner on Page 12.  You should answer all questions concisely in the proper space of the petition.  If you need more room to answer any question, you may write on the reverse blank sides of the petition.

5.  You may not attach additional pages to the petition.  You do not have to list or cite the cases or law that you are relying on.  If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition.

6.  When you file your petition, you must include a filing fee of $5.00.  If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction #8.

7.  Your petition will be filed if you have followed these instructions and it is in proper order.   Petitions which are not in proper order will be returned to you with a notation as to what is improper.

8.  To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages thirteen through twenty of the petition.  You should answer all questions and sign where indicated on Pages 13 and 19.  You should see to it that an authorized prison official completes the certification on Page 20.  You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement.  The Court will let you know if you may proceed in forma pauperis.

9. Only final judgments entered by one state court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

10. As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition and send it back to you so that you can exhaust all your claims and file your petition again. 28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are presented, the federal court can also deny your petition on the merits.

11. As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence. Under 28 U.S.C. § 2254(e)(2), if you have failed to develop the factual basis of a claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that:

(i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U. S. Supreme Court, that was previously unavailable, or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found you guilty of the offense in question.

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that <u>was</u> presented in a prior habeas corpus petition.

13. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that <u>was not</u> presented in a prior habeas corpus petition unless you show:

(A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U. S. Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish

3

by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found you guilty of the offense in question.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post-conviction, habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition.

15. When the petition is fully completed, the **original and four copies** must be mailed to the **Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106.**

## PETITION

1. (a) Name and location of court which entered the judgment of conviction under attack: YORK COUNTY JUDICIAL CENTER, 45 N. GEORGE ST. YORK, PA. 17401
   (b) Name of Prosecutor: JUSTIN F. KOBESKI ESQ.
   (c) Prosecution conducted by District Attorney's Office of YORK County

2. (a) Date of Judgment of conviction: MAY 12, 2009
   (b) Indictment number or numbers: CP-67-CR-0002467-2008

   Term: CR-149-08   Criminal Case Number: K654226-6

3. Length of sentence: 5½ YRS To 11YRS Sentencing Judge: THOMAS H. KELLEY

4. Nature of offense or offenses for which you were convicted:

   CRIMINAL ATTEMPT BURGLARY, ATTEMPT TO COMMIT CRIMINAL TRESPASS,

   Possession of An Instrument of Crime, Institutional Vandalism, And
   criminal mischief.

5. What was your plea? (check one)
   (a) Not Guilty (✓)   (b) Guilty ( )   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

   _____

   _____

6. Kind of trial: (check one)
   (a) Jury (✓)   (b) Judge only ( )

7. Did you testify at the trial?   Yes ( )   No (✓)

8. Did you appeal from the judgment of conviction?
      Yes (✓) No ( )

9. If you did appeal, answer the following:

5

373

(a) Name of court: YORK COUNTY JUDICIAL CENTER, YORK, PA.

(b) Result: Denied, motion FOR ARREST OF JUDGMENT

(c) Date of Result: June 29, 2009, Filed notice of APPEAL To SUPERIOR COURT of PA. on JULY 20, 2009, my mother Hired SHERlock GRisby ESq., To REPResent me, And File my APPEAL in SUPERIOR COURT, MR. GRISby, ESq., File A motion To EXTEND Time To File BRIEF, THROUGH PA. ATTORNEY JEFF ROWE, ESq., On APRIL 26, 2010, WHICH WAS GRANTED And A new Due dATE WAS SCHEduled FOR MAY 26, 2010, MR. GRISby, ESq., FAiled To File my BRIEF, And my APPEAL WAS dismissed on June 23, 2010.

~~If you filed a second appeal or filed a petition for~~ certiorari in the Supreme Court, give details: APPELLANT Filed Twice To REINSTATE APPEAL, BOTH motions were denied on JULY 19, 2010, And SEPTEMBER 2, 2010, on OCToBER 8, 2010, PETiTioner Filed in SUPREME COURT of PA. A PETiTion FOR LEAVE To File A PETiTion FOR ALlOWANCE of APPEAL TREATED AS A PETiTion FOR LEAVE To File PETiTion FOR REVIEW NUNC PRO TUNC, WHICH WAS Denied on FEBRUARY 18, 2010.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes (✓)   No ( )

11. If your answer to 10 was "yes", give the following information:

(a) (1) Name of Court: UNITED STATES DISTRICT COURT, MIDDLE DISTRICT of PA.

(2) Nature of proceeding: Civil ACTion

(3) Grounds raised: EXCESSIVE FORCE

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ( )   No (✓)

(5) Result: _____

6

374

(6) Date of result: _____

(b) As to any second petition, application or motion give the same information: *none*

   (1) Name of Court: _____

   (2) Nature of proceeding: _____

   (3) Grounds raised: _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ( )    No (✓)

   (5) Result: _____

   (6) Date of result: _____

(c) As to any third petition, application or motion, give the same information: *none*

   (1) Name of Court: _____

   (2) Nature of proceeding: _____

   (3) Grounds raised: _____

7

375

(4) Did you receive an evidentiary hearing on your petition, application or motion?
                    Yes ( ) No (✓)

    (5) Result: _____

    (6) Date of Result: _____

    (d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
        (1) First petition, etc.        Yes (✓) No ( )
        (2) Second petition, etc.       Yes (✓) No ( )
        (3) Third petition, etc.        Yes (✓) No ( )

    (e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    _____

    _____

    _____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.
    For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all you state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

8

376

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: I. Denial of effective Assistance of counsel.

---

Supporting FACTS (tell your story briefly without citing cases or law):

TRiAL counsel was ineffective For not objecting to the authenticity or the alterations performed on the original V.H.S. surveillance tape and the DVD version of the attempt to break into the York PA. county courthouse. Appellant and counsel viewed the original VHS surveillance tape on January 26, 2009, showing appellant did not attempt to break into the courthouse, but during trial a different, darken, altered tape was shown, my mother has a copy of the DVD version showing a caucasion at the door after I was arrested.

B. Ground two: I. Denial of effective Assistance of counsel.

9

377

Supporting FACTS (tell your story briefly without citing cases or law:

APPELLANT WAS denied A SPEEDY TRIAL, APPELLANT WAS ARRESTED and CHARGED IN THIS MATTER ON MARCH 17, 2008, And TRIAL commenced on MAY 11, 2009, THE PROSECUTION did not use due diligence In bringing APPELLANT To TRIAL, APPELLANT NOR counsel Requested Any continuous And none of APPELLANT'S motions were HEARD To exclude Any Time, APPELLANT Filed A motion under Rule 600 G in common pleas court, But counsel Refuse To Follow up.

C. Ground three: ▓▓▓▓▓ F. conviction obtained by THE unconstitutional FAILURE OF THE PROSECUTION To disclose ▓▓▓▓▓ To THE defendant evidence FAVORABLE To THE defendant.

Supporting FACTS (tell your story briefly without citing cases or law:

THERE WAS A HAT, gloves, And A SCREWDRIVER Found AT THE door APPELLANT is Accused of TRYING To BREAK INTo., SHERIFF CYPRIAN Igwe Testified AT MY PRELIMINARY HEARING To picking up THE SCREWDRIVER AND HAT And HAVING I Tems PLACED in evidence. AT A PROCeeding on JANUARY 26, 2009, DISTRICT ATTORNEY KOBESKI Testified THE gloves were in Possession oF THE Commonwealth, BUT APPELLANT WAS STILL denied FAVORABLE HAT And Gloves, WHICH Would HAVE CHANGED out come OF TRIAL

D. Ground four: Conviction obtained by THE unconstitutional ACTION OF THE PROSECUTION, TAMPERING WiTH TANGible evidence And ALTERing evidence

Supporting FACTS (tell your story briefly without citing cases or law:

CORPORAL THOMAS R. McCune PACKAGED SEALED And STAPLED And Sign THE ORIGINAL V.H.S. SURVEILLANCE TAPE And PLACED iT INTO evidence, ▓ THE VHS TAPE WAS concerning AN ATTEMPT To BREAK INTO THE YORK, PA. COURTHOUSE, BUT DURING MY TRIAL CORPORAL McCune WAS SURPRISED To LEARN THE PACKAGE He Sign, STAPLED And SEALED, now HAD A C D in iT'S PLACE, T.T. P.117.

Reverse OVER → Side

10

H. Conviction obtain by Action of grand petit Jury
which was unconstitutionally selected and
impaneled.


All (40) Forty Juror's petitioner had to chose
from were of a Caucasian descent, And petitioner
is an African American.


Conviction obtain unconstitutional by Prosecution
manipulation of evidence and Deceitful Scheme.

The Prosecution manufactured the surveillance
video to persuade the Jury, and never established
a chain of custody with the V.H.S. tape or DVD version,
or hat and gloves.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:

A. TRIAL by JURY.

B. never made any STATement.

C. no evidence Found in THe Possession oF APPellAnT.

D. APPellAnT WAS noT in Possession oF Any evidence SURRounding ARReST.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes ( )   No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: JoHn P. nebleTT, Esq., 4660 TRindle RoAd, SuiTe 200, CAMPHill, PA. 17011

(b) At arraignment and plea: JoHn P. nebleTT, Esq.

(c) At trial: RonAlD J. GRoSS, Esq, 29 E. PHilAdelPHiA ST, YoRK, PA. 17401

(d) At sentencing: PRo Se,

(e) On appeal: PRo Se, noTice oF APPeAl To SUPeRioR COURT oF PA., SHeRlocK GRigSby, ESq., 601 PennSylvAniA Ave. nw SuiTe 900 WASHingTon, DC 20004, HiRed To File BRieF.

(f) In any post-conviction proceeding: Filed moTion FoR ARReST OF Judgment in loWeR CouRT, YoRK CounTy PA. 17401.

(g) On appeal from any adverse ruling in a post-conviction proceeding: no

11

380

_____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ( )   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )   No (✓)

(a) If so, give name and location of court which imposed sentence to be served in the future:

_____

(b) And give date and length of sentence to be served in future:

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes ( )   No (✓)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _March 5, 2011_   _Kenneth W. Ashford_
                              Signature of Petitioner

_____
Signature of Attorney (if any)

12

381

Affidavit Accompanying Motion for Permission to Proceed in the District court and/or on Appeal in Forma Pauperis in Habeas Corpus Cases under 28 U.S.C. Sections 2241 and 2254.

### United States District Court for the Eastern District of Pennsylvania

KenneTH w. AsHFoRD
(Plaintiff)

V.

Mike weneRowicz
(Defendant(s))

District Court Case No. _____ 11      1698

---

Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed: _Kenneth w. Ashford_

Instructions

Complete all questions in the application and then sign it. Do not leave any blanks. If the answer to a question is "O," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: _March 5, 2011_

---

13

382

My issues are:

_____

_____

_____

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months.  Adjust any amount that was received weekly, quarterly, semiannually, or annually to show the monthly rate.  Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during During the past 12 months | Amount expected Next month |
|---|---|---|
| | You | You |
| Employment | $ 45.00 | $ 45.00 |
| Self-employment | $ 0 | $ 0 |
| Income from real property (such as rental income) | $ 0 | $ 0 |
| Interest and Dividends | $ 0 | $ |
| Gifts | $ 50.00 | $ 50.00 |
| Alimony | $ 0 | $ 0 |
| Child Support | $ 0 | $ 0 |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ 0 |
| Disability (such as social security, insurance payments) | $ 0 | $ 0 |
| (Unemployment payments | $ 0 | $ 0 |
| Public Assistance (such as welfare) | $ 0 | $ 0 |
| Other specify): | $ 0 | $ 0 |
| Total monthly income: | $ 95.00 | $ 95.00 |

2. List your employment history, most recent employer first.  (Gross monthly pay is before taxes or other deductions.)

14

383

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| PERFORMANCE PERSONAL | HARRISbuRG, PA, | FebRUARY 2008 | $ 12,00 00 |
| n/A | n/A | n/A | n/A |
| n/A | n/A | n/A | n/A |

3. List your spouse's employment history, most recent employer first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |

4. How much cash do you and your spouse have?          $ n/A

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of account | Amount you have | Amount your spouse Has |
|---|---|---|---|
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |
| 0 | 0 | 0 | 0 |

If you are a prisoner, you must attach a statement *certified by the appropriate institutional officer* showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account

5. List the assets, and their values, which you own or your spouse owns.  Do not list clothing and ordinary household furnishings.

15

384

Home (Value)      Other estate     Real (Value)     ....

_____   _____
_____   _____
_____   _____

Motor Vehicle #1
Value _____
Make & Year _____
Model: _____
Registration #: _____

Motor vehicle #2
Value _____
Make & year: _____
Model: _____
Registration # _____

Other Assets                Value of other assets
_____             _____
_____             _____
_____             _____

6. State every person, business, or organization owing your or your spouse money, and the amount owed.

| Person owing you or your Spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | | |
| | | |
| | | |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

16

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate:

|  | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ _O_ | $ _O_ |
| Are real-estate taxes included? | Yes _O_ | No _O_ |
| Is property insurance included: | Yes _O_ | No _O_ |
| Utilities (electricity, heating fuel, water, sewer and Telephone) | $ _O_ | $ |
| Home maintenance (repairs & upkeep) | $ _O_ | $ _O_ |
| Food | $ _O_ | $ _O_ |
| Clothing | $ _O_ | $ _O_ |
| Laundry & Dry-Cleaning | $ _O_ | $ _O_ |
| Medical and dental expenses | $ _O_ | $ _O_ |
| Transportation (not including motor vehicle payments) | $ _O_ | $ _O_ |
| Recreation, entertainment, newspapers magazines, etc. | $ _O_ | $ _O_ |
| Insurance, not deducted from wages or included in Mortgage payments) | $ _O_ | $ _O_ |
| Homeowner's or renter's | | |
| Life | $ _O_ | $ _O_ |
| Health | $ _O_ | $ _O_ |
| Motor Vehicle | $ _O_ | $ _O_ |
| Other: | $ _O_ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): _O_ | | |
| Installment payments | $ _O_ | $ _O_ |
| Motor Vehicle | $ _O_ | $ _O_ |
| Credit card (Name) _O_ | $ _O_ | $ _O_ |
| Department store (Name): _O_ | $ _O_ | $ _O_ |
| Other _O_ | $ _O_ | $ _O_ |
| Alimony, maintenance, and support | | |
| Paid to others | $ _O_ | $ _O_ |
| Regular expenses for operation of | | |

17

386

business, profession, or farm (attach
detailed statement)                          $ _____0_____       $ _0_____

**TOTAL MONTHLY EXPENSES:**              $ _____0_____       $ _0_____

9. Do you expect any major changes in your monthly income or expenses or in your assets
or liabilities during the next 12 months?

Yes_____   No _✓_  If yes, describe on an attached sheet.

10. Have you paid or will you be paying an attorney any money for services in connection
with this case, including the completion of this form? Yes _✓_ No_____
If yes, state the attorney's name, address, and telephone number:

my moTHeR mRs. eLoise wHiTe PAid mR. sHeRLock GRigsby, esq.,
601 PennsyLvAniA Ave, nw suiTe 900, wAsHingTon, DC 20004,
PHone: 202-421-1594, To RePReseNT me on APPeAL in suPeRioR couRT
of PA.

11. Have you paid - or will you be paying- anyone other than an attorney (such as a
paralegal or typist) any money for services in connection with this case, including the
completion of this form?

Yes_____   No _✓_

If yes, how much?              $ _n/A_____

If yes, state the person's name, address, and telephone number:

_____
_____
_____

12. Provide any other information that will help explain why you cannot pay the docket
fees for your appeal. I Am incARceRATed AT s.c.i. GRATeRFoRd, I mAke
42 ¢ An HouR, wHicH go's ▬▬▬ TowARd Hygiene PRoducTs, food, sick cALL,
PAPeR, Pens.

13. State the address of your legal residence.
_1478 wHiTeFoRd, RD. ▪ yoRk, PA. 17402_____
_____

18

387

Your daytime phone number: _____ n/A ____
Your age: _____ 47 _____ Your years of schooling: _____ G.E.D. ____
Your Social Security number: 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 ____

I declare under the penalty of perjury that the foregoing is true and correct:

_Kenneth W. Ashford_

Petitioner's signature

Executed on _3-5-11_
(DATE)

19

388

IN THE UNITED STATED DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Kenneth Winston ASHFORD,
    PRO se, PETITIONER

         V.

Mike Wenerowicz,
    RESPONDENT

CASE NO. 11    9998

**FILED**

MAR - 9 2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## BRIEF OR MEMORANDUM IN SUPPORT OF LEGAL ARGUMENT

    I, Kenneth Winston ASHFORD, #BY-5677, PRO se,
PETITIONER submit THAT THE STATEMENTS THAT Follow
ARE TRUE AND CORRECT To THE bEST oF MY Knowledge,
inFORMATION And bELiEF.

DATE: 3-5-11

              Kenneth W. Ashford

              KenneTH W. ASHFORD, PRO se
              #BY-5677, P.O. BOX 244
              GRATERFORD, PA. 19426

    PLEASE ALLOW HAbEAS CORPUS PETiTION To STAY AND bE
HEARD in THIS COURT, Since PETiTioNER HAS A CiViL ACTion AgAiNST
ARRESTiNG OFFiCER'S FoR EXCESSiVE FoRCE in THE MiDDLE DiSTRiCT
"No. 1:10-CV-264", WHiCH would bE CONTROVERSIAL. THANK you.

1

389



APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

*Ashford*  :

v.  :

*Wencrowicz, et al*  :

CIVIL ACTION

NO. **11    1698**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    *2254*  (x)

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

_____    _____    _____
Date                         Deputy Clerk                 Attorney for

_____    _____    _____
Telephone                    FAX Number                   E-Mail Address

(Civ. 660) 10/02

390

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH WINSTON ASHFORD　　　　　:　　**CASE NO. 3:11-CV-1060**

　　　　　　　Petitioner　　　　　:　　(Judge Nealon)

　　　　　v.　　　　　　　　　　:　　(Magistrate Judge Smyser)

MIKE WENEROWICZ, et al.,　　　　:

　　　　　　　Respondents　　　　:

### ORDER

### ORDER

The petitioner having elected to proceed with his 28 U.S.C. § 2254 habeas corpus petition as filed, **IT IS ORDERED** that:

　　1.　The Clerk is directed forthwith to serve a copy of the petition and this Order by certified mail on the Attorney General of the Commonwealth of Pennsylvania and the District Attorney of York County, Pennsylvania.

　　2.　Respondents, on or before **July 6, 2011**, shall respond to the petition for writ of habeas corpus in the manner required by Rule 5, 28 U.S.C.A. foll. §2254:

3.  A determination as to whether there will be a hearing will be made after the filing of a response.

4.  Petitioner may, if he so desires, file a reply to the response within fourteen (14) days of its filing.

5.  The Clerk is directed to note the address of the District Attorney of York County, Pennsylvania, on the front of the docket sheet in this case.  **All documents filed by the parties and by the Court shall be served upon the District Attorney and the Office of Attorney General.**

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   June 15, 2011.

2

392

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 2 of 19

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Arraignment | 05/23/2008 | 9:00 am | | | Scheduled |
| Pre-Trial Conference | 06/17/2008 | 9:00 am | Courtroom 4 | Judge Thomas H. Kelley | Scheduled |
| Criminal Jury Trial | 08/10/2008 | 9:00 am | Courtroom 4 | Judge Thomas H. Kelley | Scheduled |
| Withdraw as Counsel Hearing | 08/27/2008 | 9:30 am | Courtroom 4 | Judge Thomas H. Kelley | Scheduled |
| Motion in Limine | 01/26/2009 | 2:00 pm | Courtroom 4 | Judge Thomas H. Kelley | Scheduled |
| Criminal Jury Trial | 02/08/2009 | 9:30 am | Courtroom 4 | Judge Thomas H. Kelley | Scheduled |
| Criminal Jury Trial | 05/11/2009 | 9:30 am | Courtroom 4 | Judge Thomas H. Kelley | Moved |
| Criminal Jury Trial | 05/12/2009 | 9:15 am | Courtroom 4 | Judge Thomas H. Kelley | Scheduled |
| Withdraw as Counsel Hearing | 06/29/2009 | 3:00 pm | Courtroom 4 | Judge Thomas H. Kelley | Scheduled |
| Sentence | 07/06/2009 | 9:30 am | Courtroom 4 | Judge Thomas H. Kelley | Scheduled |

## CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 05/16/2011 | DOC Confined | | | Yes |

## DEFENDANT INFORMATION

Date Of Birth: 07/10/1964   City/State/Zip: Graterford, PA 19426-0244

**Alias Name**
Ashford, Kenneth W
Ashford, Kenneth Winsto

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Ashford, Kenneth Winston |

## BAIL INFORMATION

**Ashford, Kenneth Winston**   **Nebbia Status: None**

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 03/17/2008 | Monetary | | $25,000.00 | | |
| Revoke | 05/12/2009 | Monetary | | $25,000.00 | | |
| | | | | | Posted | 03/17/2008 |

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

393

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 3 of 19

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 1 | 2 | F2 | 18 § 3502 §§A | Criminal Attempt - Burglary | 03/17/2008 | K6542266 |
| 2 | 3 | F2 | 18 § 3503 §§A1II | Crim Tres-Break Into Structure | 03/17/2008 | K6542266 |
| 3 | 4 | F2 | 18 § 3503 §§A1II | Criminal Attempt - Crim Tres-Break Into Structure | 03/17/2008 | K6542266 |
| 4 | 5 | M1 | 18 § 907 §§A | Poss Instrument Of Crime W/Int | 03/17/2008 | K6542266 |
| 5 | 6 | M2 | 18 § 3307 §§A3 | Institut'l Vand'ism Educ Facil | 03/17/2008 | K6542266 |
| 6 | 7 | S | 18 § 3304 §§A2 | Crim'l Misch-Tamper W/Property | 03/17/2008 | K6542266 |
| 99999 | 1 | | 18 § 3502 §§A | Burglary | 03/17/2008 | K6542266 |

## DISPOSITION SENTENCING/PENALTIES

| Disposition | | |
|-------------|---|---|
| **Case Event** | **Disposition Date** | **Final Disposition** |
| Sequence/Description | Offense Disposition | Grade    Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |
| Linked Offense - Sentence | Link Type | Linked Docket Number |

**Lower Court Proceeding (generic)**

| | | | | |
|---|---|---|---|---|
| Lower Court Disposition | 04/17/2008 | Not Final | | |
| 1 / Criminal Attempt - Burglary | Held for Court (Lower Court) | F2 | 18§901§§A | |
| Williams, Linda L. | 04/30/2008 | | | |
| 2 / Crim Tres-Break Into Structure | Held for Court (Lower Court) | F2 | 18§3503§§A1II | |
| Williams, Linda L. | 04/30/2008 | | | |
| 3 / Criminal Attempt - Crim Tres-Break Into Structure | Held for Court (Lower Court) | F2 | 18§901§§A | |
| Williams, Linda L. | 04/30/2008 | | | |
| 4 / Poss Instrument Of Crime W/Int | Held for Court (Lower Court) | M1 | 18§907§§A | |
| Williams, Linda L. | 04/30/2008 | | | |
| 5 / Institut'l Vand'ism Educ Facil | Held for Court (Lower Court) | M2 | 18§3307§§A3 | |
| Williams, Linda L. | 04/30/2008 | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

394

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Kenneth Winston Ashford

Page 4 of 19

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |
| Linked Offense - Sentence | Link Type | Linked Docket Number | |

| | | | |
|---|---|---|---|
| 6 / Crim'l Misch-Tamper W/Property | Held for Court (Lower Court) | S | 18§3304§§A2 |
| Williams, Linda L. | 04/30/2008 | | |

| | | | |
|---|---|---|---|
| 99,999 / Burglary | Withdrawn | | 18§3502§§A |
| Williams, Linda L. | 04/30/2008 | | |

**Proceed to Court**

| | | | |
|---|---|---|---|
| Information Filed | 05/21/2008 | Not Final | |
| 1 / Criminal Attempt - Burglary | Held for Court | F2 | 18§901§§A |
| 2 / Crim Tres-Break Into Structure | Held for Court | F2 | 18§3503§§A1II |
| 3 / Criminal Attempt - Crim Tres-Break Into Structure | Held for Court | F2 | 18§901§§A |
| 4 / Poss Instrument Of Crime W/Int | Held for Court | M1 | 18§907§§A |
| 5 / Institut'l Vand'ism Educ Facil | Held for Court | M2 | 18§3307§§A3 |
| 6 / Crim'l Misch-Tamper W/Property | Held for Court | S | 18§3304§§A2 |
| 99,999 / Burglary | Disposed at Lower Court | | 18§3502§§A |

**Guilty**

| | | | |
|---|---|---|---|
| Criminal Jury Trial | 05/12/2009 | Final Disposition | |
| 1 / Criminal Attempt - Burglary | Guilty | F2 | 18§901§§A |
| Kelley, Thomas H. | 07/06/2009 | | |
| Confinement | Min of 3.00 Years | 07/06/2009 | |
| | Max of 6.00 Years | | |
| | 3 years to 6 years | | |
| Pay Costs/Restitution | | | |
| RRRI Ineligible | | | |
| Provided w/written coluguy of post-sentence rights | | | |
| 18§907§§A - Confinement | Consecutive From Seq. 4 | CP-67-CR-0002467-2008 | |

| | | | |
|---|---|---|---|
| 2 / Crim Tres-Break Into Structure | Guilty | F2 | 18§3503§§A1II |
| Kelley, Thomas H. | 07/06/2009 | | |
| Merged | | | |

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

395

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 5 of 19

## DISPOSITION SENTENCING/PENALTIES

| Disposition | | |
|---|---|---|
| Case Event | Disposition Date | Final Disposition |
| Sequence/Description | Offense Disposition | Grade     Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |
| Linked Offense - Sentence | Link Type | Linked Docket Number |

| | | | |
|---|---|---|---|
| 3 / Criminal Attempt - Crim Tres-Break Into Structure | Guilty | F2 | 18§901§§A |
| Kelley, Thomas H. | 07/06/2009 | | |
| Merged | | | |

| | | | |
|---|---|---|---|
| 4 / Poss Instrument Of Crime W/Int | Guilty | M1 | 18§907§§A |
| Kelley, Thomas H. | 07/06/2009 | | |
| Confinement | Min of 1.00 Years 6.00 Months | | 07/06/2009 |
| | Max of 3.00 Years | | |
| | 1 1/2 years to 3 years | | |
| 18§3502§§A - Confinement | Consecutive To Seq. 1 | | CP-67-CR-0002467-2008 |
| 18§3307§§A3 - Confinement | Consecutive From Seq. 5 | | CP-67-CR-0002467-2008 |

| | | | |
|---|---|---|---|
| 5 / Institut'l Vand'ism Educ Facil | Guilty | M2 | 18§3307§§A3 |
| Kelley, Thomas H. | 07/06/2009 | | |
| Confinement | Min of 1.00 Years | | 07/06/2009 |
| | Max of 2.00 Years | | |
| | 1 year to 2 years | | |
| 18§907§§A - Confinement | Consecutive To Seq. 4 | | CP-67-CR-0002467-2008 |

| | | | |
|---|---|---|---|
| 6 / Crim'l Misch-Tamper W/Property | Guilty | S | 18§3304§§A2 |
| Kelley, Thomas H. | 07/06/2009 | | |
| No Further Penalty | | | |

| | | | |
|---|---|---|---|
| 99,999 / Burglary | Disposed at Lower Court | | 18§3502§§A |
| Kelley, Thomas H. | 07/06/2009 | | |

AOPC 2220 - Rev 08/21/2011

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 6 of 19

## COMMONWEALTH INFORMATION

Name: York County District Attorney's Office
Prosecutor

Supreme Court No:
Phone Number(s):
(717) 771-9600    (Phone)
Address:
York County Courthouse
45 North George St.
York PA  17401

## ATTORNEY INFORMATION

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3/1 | 04/30/2008 | | Court of Common Pleas - York County |
| Original Papers Received from Lower Court | | | |
| 5/2 | 04/30/2008 | | Court of Common Pleas - York County |
| Arraignment Scheduled May 23 2008  9:00AM | | | |
| 1 | 05/05/2008 | | Court of Common Pleas - York County |
| Assigned to Judge: Kelley, Thomas H. | | | |
| 2/1 | 05/21/2008 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 6/1 | 05/23/2008 | | Court of Common Pleas - York County |
| Pre-Trial Conference Scheduled 6/17/2008  9:00AM | | | |
| 6/2 | 05/23/2008 | | Court of Common Pleas - York County |
| Arraigned | | | |
| 6/3 | 05/23/2008 | | Boyle, Dennis Edward |
| Entry of Appearance | | | |
| 7/8/1 | 06/17/2008 | | Court of Common Pleas - York County |
| Criminal Jury Trial Scheduled 8/10/2008  9:00AM | | | |
| 9/1 | 06/30/2008 | | Ashford, Kenneth Winston |
| Motion to Dismiss | | | |
| Neblett, John Patrick | | | |
| 07/03/2008 | | First Class | |

AOPC 2220 - Rev 06/21/2011

Printed:  06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



Docket Number: CP-67-CR-0002467-2008

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 7 of 19

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 10/1 | 07/07/2008 | | Neblett, John Patrick |
| Motion to Withdraw as Counsel | | | |
| 1 | 07/10/2008 | | Ashford, Kenneth Winston |
| Pro Se Request for Discovery | | | |
| 11/2 | 07/10/2008 | | Court of Common Pleas - York County |
| Motion to Dismiss Hearing Scheduled 8/27/2008  9:30AM | | | |
| Ashford, Kenneth Winston | | | |
| 07/15/2008 | First Class | | |
| 1 | 07/15/2008 | | Ashford, Kenneth Winston |
| Pro Se Motion for Instant Hearing/Writ of Habeas Corpus ad subjiciendum | | | |
| Boyle, Dennis Edward | | | |
| 07/16/2008 | First Class | | |
| 12/1 | 08/01/2008 | | Commonwealth of Pennsylvania |
| Motion for Transport | | | |
| 13/14/1 | 08/27/2008 | | Kelley, Thomas H. |
| Order Granting Motion for Leave to Withdraw Appearance | | | |
| Motion Filed by Atty. Neblett | | | |
| 1 | 09/04/2008 | | York County Court Administration |
| Proof of Service 08/27/08 | | | |
| Neblett, John Patrick | | | |
| 09/15/2008 | First Class | | |
| 1 | 09/08/2008 | 06/17/2008 | York County Court Administration |
| Proof of Service of Order 6/17/08 | | | |
| 15/1 | 09/10/2008 | | Ashford, Kenneth Winston |
| Pro Se request for Tranfer | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

398

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET

**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 8 of 19

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 16/1 | 09/16/2008 | | MacVeigh, John David |
| Entry of Appearance | | | |
| | | | |
| 17/1 | 09/17/2008 | | Kelley, Thomas H. |
| Order Denying Pro Se Petition for Transfer. | | | |
| Ashford, Kenneth Winston | | | |
| 09/18/2008 | First Class | | |
| York County District Attorney's Office | | | |
| 09/18/2008 | Interoffice | | |
| | | | |
| 18/1 | 09/19/2008 | | Gross, Ronald James |
| Entry of Appearance | | | |
| | | | |
| 1 | 09/22/2008 | | Ashford, Kenneth Winston |
| Pro Se Motion to Dismiss | | | |
| Sent Petition to Attorney Ron Gross 09/25/08 | | | |
| Gross, Ronald James | | | |
| 09/25/2008 | First Class | | |
| | | | |
| 1 | 10/01/2008 | | Ashford, Kenneth Winston |
| Pro Se Request for Transfer | | | |
| Gross, Ronald James | | | |
| 10/08/2008 | First Class | | |
| | | | |
| 1 | 12/01/2008 | | Ashford, Kenneth Winston |
| Pro Se Memorandum of Law | | | |
| Gross, Ronald James | | | |
| 12/09/2008 | First Class | | |
| | | | |
| 19/1 | 12/23/2008 | | Gross, Ronald James |
| Motion for Dismissal of Charges | | | |
| | | | |
| 1 | 12/29/2008 | | Ashford, Kenneth Winston |
| Pro Se Motion to Dismiss and Withdraw Counsel | | | |
| | | | |
| 19/1 | 01/09/2009 | | Kelley, Thomas H. |
| Motion in Limine Scheduled 1/26/2009  2:00PM | | | |
| Gross, Ronald James | | | |
| 01/09/2009 | | | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 9 of 19

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

York County District Attorney's Office
   01/09/2009

---

| 1 | 01/15/2009 | 12/29/2008 | Ashford, Kenneth Winston |
|---|---|---|---|

   Pro Se Motion to Dismiss Under Brady Violation

---

| 20/1 | 01/26/2009 | | Court of Common Pleas - York County |
|---|---|---|---|

   Criminal Jury Trial Scheduled 2/8/2009  9:30AM

---

| 1 | 03/16/2009 | | Ashford, Kenneth Winston |
|---|---|---|---|

   Pro Se Motion to Dismiss

---

| 1 | 04/20/2009 | | Ashford, Kenneth Winston |
|---|---|---|---|

   Pro Se Motion to Withdraw Detainer

---

| 1 | 04/21/2009 | | O'Shell, Don R. |
|---|---|---|---|

   Inmate Correspondence

---

| 21/1 | 05/07/2009 | | Court of Common Pleas - York County |
|---|---|---|---|

   Criminal Jury Trial Scheduled 5/11/2009  9:30AM
      Per Email from Cheryl 05/07/09

---

| 21/23/1 | 05/11/2009 | | Court of Common Pleas - York County |
|---|---|---|---|

   Criminal Jury Trial Scheduled 5/12/2009  9:15AM
      Per Email from Cheryl 05/07/09

---

| 2 | 05/11/2009 | | Kelley, Thomas H. |
|---|---|---|---|

   Hearing Notes
      Count 1 amended to F2.  Count 2 Withdrawn.  Defendant's mother permitted to drop off a new shirt at YCP.

---

| 22/1 | 05/12/2009 | | Ashford, Kenneth Winston |
|---|---|---|---|

   Waiver of Right to Testify

---

| 24/25/2 | 05/12/2009 | | Kelley, Thomas H. |
|---|---|---|---|

   Guilty

---

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

400

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET

**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania
v.
Kenneth Winston Ashford

Page 10 of 19

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 25/3 | 05/12/2009 | | Kelley, Thomas H. |
| Pre-Sentence Investigation Ordered | | | |
| 25/4 | 05/12/2009 | | Court of Common Pleas - York County |
| Sentence Scheduled 7/6/2009 9:30AM | | | |
| 25/5 | 05/12/2009 | | Kelley, Thomas H. |
| Order Granting Motion to Revoke/Release and Forfeit Bail - Ashford, Kenneth Winston | | | |
| 26/1 | 05/15/2009 | | Ashford, Kenneth Winston |
| Motion in Arrest of Judgment | | | |
| 1 | 05/21/2009 | | York County Court Administration |
| Proof of Service 05/12/09 Order | | | |
| Gross, Ronald James | | | |
| 06/12/2009 | First Class | | |
| 1 | 05/22/2009 | | Ashford, Kenneth Winston |
| Case Correspondence | | | |
| 26/1 | 05/28/2009 | | Kelley, Thomas H. |
| Order Denying Motion for Arrest of Judgement | | | |

Defendant Pro Se Motion is returned to Defendant. Defendant is represented by Ronald Gross. esq. Ronald Gross or an attorney retained by Defendant may file the motion after entering their appearance.

| | | | |
|---|---|---|---|
| Ashford, Kenneth Winston | | | |
| 05/28/2009 | Interoffice | | |
| Gross, Ronald James | | | |
| 05/28/2009 | First Class | | |
| 1 | 06/02/2009 | | Ashford, Kenneth Winston |
| Pro Se Motion to Withdraw Counsel | | | |
| 27/1 | 06/04/2009 | | Gross, Ronald James |
| Motion to Withdraw Appearance | | | |
| 27/1 | 06/09/2009 | 06/08/2009 | Kelley, Thomas H. |
| Withdraw as Counsel Hearing Scheduled 6/29/2009 3:00PM | | | |
| Gross, Ronald James | | | |
| 06/10/2009 | First Class | | |

AOPC 2220 - Rev 06/21/2011

Printed: 08/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

401

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET

**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**



Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 11 of 19

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| York County District Attorney's Office | | | |
| 06/10/2009 | Interoffice | | |

| 28/2 | | 06/09/2009 | | Ashford, Kenneth Winston |
|---|---|---|---|---|
| Pro Se Motion for Arrest of Judgement | | | | |

| 1 | | 06/12/2009 | | Ashford, Kenneth Winston |
|---|---|---|---|---|
| Pro Se Supplemental Motion | | | | |

| 29/30/1 | | 06/29/2009 | | Kelley, Thomas H. |
|---|---|---|---|---|
| Order Granting Motion to Withdraw Counsel | | | | |

| 1 | | 07/01/2009 | | Ashford, Kenneth Winston |
|---|---|---|---|---|
| Pro Se Correspondence | | | | |

| 31/1 | | 07/06/2009 | | Kelley, Thomas H. |
|---|---|---|---|---|
| Order - Sentence/Penalty Imposed | | | | |
| Pay 100.00 Fine and Costs as to Ct 6 Criminal Mischief | | | | |

| 1 | | 07/07/2009 | | York County Court Administration |
|---|---|---|---|---|
| Proof of Service-7/6/09-Order | | | | |
| Ashford, Kenneth Winston | | | | |
| 07/08/2009 | First Class | | | |

| 32/1 | | 07/08/2009 | | Ashford, Kenneth Winston |
|---|---|---|---|---|
| Post Sentence Appeal Motion/Motion in Arrest of Judgment | | | | |

| 4/1 | | 07/09/2009 | | Court of Common Pleas - York County |
|---|---|---|---|---|
| Penalty Assessed | | | | |

| 2 | | 07/09/2009 | | Court of Common Pleas - York County |
|---|---|---|---|---|
| Do Not Pursue Delinquency | | | | |

| 1 | | 07/10/2009 | | Ashford, Kenneth Winston |
|---|---|---|---|---|
| Motion for Transcripts | | | | |

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

402

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET

Docket Number: CP-67-CR-0002467-2008

# CRIMINAL DOCKET

Court Case



Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 1 of 19

## CASE INFORMATION

Cross Court Docket Nos:  CR-0000149-08

Judge Assigned: Kelley, Thomas H.

OTN: K6542266

Initial Issuing Authority: Linda L. Williams

Arresting Agency:  York County Sheriff

Case Local Number Type(s)

Date Filed: 04/30/2008           Initiation Date: 03/17/2008

Lower Court Docket No: CR-0000149-08

Final Issuing Authority: Linda L. Williams

Arresting Officer: Brady, Shawn

Case Local Number(s)

## STATUS INFORMATION

| Case Status: Closed | Status Date | Processing Status | Arrest Date: | 03/17/2008 |
|---|---|---|---|---|
| | 03/11/2011 | Completed | | |
| | 03/16/2010 | Appealed | | |
| | 01/14/2010 | Appeal Decided | | |
| | 07/20/2009 | Awaiting Appellate Court Decision | | |
| | 07/06/2009 | Sentenced/Penalty Imposed | | |
| | 05/12/2009 | Awaiting PSI Completion | | |
| | 05/12/2009 | Awaiting Sentencing | | |
| | 06/17/2008 | Awaiting Jury Trial | | |
| | 05/23/2008 | Awaiting Pre-Trial Conference | | |
| | 04/30/2008 | Awaiting Formal Arraignment | | |
| | 04/30/2008 | Awaiting Filing of Information | | |

Complaint Date:     03/17/2008

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

403

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania                                    Page 12 of 19
v.
Kenneth Winston Ashford

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 33/1 | 07/13/2009 | | O'Shell, Don R. |
| Court Commitment and Certified Copies of Sentence Orders | | | |
| 1 | 07/16/2009 | 07/14/2009 | O'Shell, Don R. |
| Entry of Civil Judgment | | | |
| 34/1 | 07/20/2009 | | Ashford, Kenneth Winston |
| Notice of Appeal to the Superior Court | | | |
| Commonwealth of Pennsylvania | | | |
| 07/20/2009 | | Interoffice | |
| Kelley, Thomas H. | | | |
| 07/20/2009 | | Interoffice | |
| 34/2 | 07/20/2009 | | Ashford, Kenneth Winston |
| Post-Sentence Appeal Motion - Motion in Arrest of Judgment | | | |
| Commonwealth of Pennsylvania | | | |
| 07/20/2009 | | Interoffice | |
| Kelley, Thomas H. | | | |
| 07/20/2009 | | Interoffice | |
| 7/1 | 07/22/2009 | | York County Court Administration |
| Transcript of Proceedings Filed (6/17/08) | | | |
| sar | | | |
| 1 | 07/23/2009 | | Ashford, Kenneth Winston |
| Case Correspondence | | | |
| Letter from Defendant to Clerk of Courts requesting to preserve evidence. | | | |
| 2 | 07/23/2009 | | York County Court Administration |
| Transcript of Proceedings Filed (6/29/09) | | | |
| bln | | | |
| 1 | 07/27/2009 | | York County Court Administration |
| Transcript of Proceedings Filed (8/27/08 Withdraw as Counsel) | | | |
| dsr | | | |
| 1 | 07/28/2009 | | Ashford, Kenneth Winston |
| Change of Address | | | |

AOPC 2220 - Rev 06/21/2011                                              Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

404

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



Docket Number: CP-67-CR-0002467-2008

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Kenneth Winston Ashford

Page 13 of 19

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

York County Costs and Fines
07/30/2009        E-Mail

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 1 | | 07/29/2009 | Superior Court of Pennsylvania - Middle District |

Docketing Statement From Superior Court
1259 MDA 2009
due 9/18/09

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 35/1 | | 08/13/2009 | Kelley, Thomas H. |

Concise Statement Order
    Served def at Camp Hill and Graterford due to temp reassignment
Ashford, Kenneth Winston
    08/14/2009        First Class
Ashford, Kenneth Winston
    08/14/2009        First Class
Commonwealth of Pennsylvania
    08/14/2009        Interoffice

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 36/1 | | 08/31/2009 | Ashford, Kenneth Winston |

Statement of Matters Complained of on Appeal

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 1 | | 09/10/2009 | Ashford, Kenneth Winston |

Motion for Transcripts

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 1 | | 09/17/2009 | York County Court Administration |

Transcript of Proceedings Filed (1/26/09)
    cef

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 37/1 | | 10/08/2009 | Kelley, Thomas H. |

Opinion Pursuant to Rule 1925(a)
Ashford, Kenneth Winston
    10/08/2009        First Class
Commonwealth of Pennsylvania
    10/08/2009        Interoffice

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

405

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

Court Case



Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 14 of 19

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 10/09/2009 | | York County Court Administration |

Transcript of Proceedings Filed (5/11/09-5/12/09)
JAG

| 1 | 10/15/2009 | | O'Shell, Don R. |

Original Record Sent to Superior Court

| 2 | 10/15/2009 | | O'Shell, Don R. |

Certificate and Transmittal of Record to Appellate Court
Ashford, Kenneth Winston
10/15/2009        First Class
Commonwealth of Pennsylvania
10/15/2009        Interoffice

| 1 | 01/06/2010 | | Ashford, Kenneth Winston |

Case Correspondence
requests transcripts- copy sent to court admin

| 38/1 | 01/14/2010 | 01/13/2010 | Superior Court of Pennsylvania - Middle District |

Appellant applicaiton for relief to proceed pro se is granted.  Case is remanded.
cased returned from Superior Court 1/14/2010
1 transcript
1 envelope of exhibits

| 39/1 | 02/16/2010 | | Kelley, Thomas H. |

Order
Copy of order filed on 1/29/09 sent to the ADA, Att. Gross, & to the Petitioner
Ashford, Kenneth Winston
02/16/2010        First Class
MacVeigh, John David
02/16/2010        First Class
York County District Attorney's Office
02/16/2010        Interoffice

| 40/1 | 02/24/2010 | | Ashford, Kenneth Winston |

Case Correspondence
Gross, Ronald James

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

406

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 15 of 19

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 03/10/2010 | First Class | | |

| | | | |
|---|---|---|---|
| 40/2 | 02/24/2010 | | Ashford, Kenneth Winston |
| Motion for Transcripts | | | |
| 1 | 03/15/2010 | | O'Shell, Don R. |
| Original Record Sent to Superior Court | | | |
| 2 | 03/15/2010 | | O'Shell, Don R. |
| Certificate and Transmittal of Record to Appellate Court | | | |
| Ashford, Kenneth Winston | | | |
| 03/16/2010 | First Class | | |
| York County District Attorney's Office | | | |
| 03/16/2010 | Interoffice | | |
| 3 | 03/15/2010 | | O'Shell, Don R. |
| Transcipts mailed to Defendant as per Judge Kelley's Order of 01/28/2010 | | | |
| 1 | 03/16/2010 | | Ashford, Kenneth Winston |
| Case Correspondence | | | |
| 1 | 03/31/2010 | | Ashford, Kenneth Winston |
| Pro Se Petition Filed | | | |
| Request for surveilance tapes- sent to chambers- | | | |
| 1 | 05/26/2010 | | Ashford, Kenneth Winston |
| Case Correspondence | | | |
| 1 | 11/03/2010 | | Ashford, Kenneth Winston |
| Pro Se Correspondence | | | |
| Kelley, Thomas H. | | | |
| 11/03/2010 | Hand Delivered | | |
| 1 | 11/09/2010 | | Kelley, Thomas H. |
| Order Denying Pro Se Motion | | | |
| Ashford, Kenneth Winston | | | |

AOPC 2220 - Rev 06/21/2011

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

407

## COURT OF COMMON PLEAS OF YORK COUNTY
### DOCKET



Docket Number: CP-67-CR-0002467-2008

# CRIMINAL DOCKET

#### Court Case

Commonwealth of Pennsylvania
v.
Kenneth Winston Ashford

Page 16 of 19

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 11/09/2010 | First Class | | |
| York County District Attorney's Office | | | |
| 11/09/2010 | Interoffice | | |

| 1 | 03/08/2011 | | Ashford, Kenneth Winston |
|---|---|---|---|
| Memorandum Opinion | | | |

| 2 | 03/08/2011 | | Ashford, Kenneth Winston |
|---|---|---|---|
| Motion to Proceed In Forma Pauperis | | | |

| 3 | 03/08/2011 | | Supreme Court of Pennsylvania - Middle District |
|---|---|---|---|

Petition for Allowance of Appeal Denied - Supreme Court
Petition for Leave to File Petition for Allowance of Appeal Nunc Pro Tunc treated as a Petition for Leave to File Petition for Review Nunc Pro Tunc is DENIED.

| 1 | 03/11/2011 | 06/23/2010 | Superior Court of Pennsylvania - Middle District |
|---|---|---|---|

Superior Court Order the appeal in this matter is dismissed for failure to file a brief
Case Returned 3/11/2011
1 Part
1 Transcript
2 copy of exhibits

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

408

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 17 of 19

## PAYMENT PLAN SUMMARY

| Payment Plan No | Payment Plan Freq. | Next Due Date | Active | Overdue Amt |
|---|---|---|---|---|
| Responsible Participant | | | Suspended | Next Due Amt |
| | | | | |
| 67-2009-P4774 | Monthly | 11/30/2009 | True | $38.00 |
| Ashford, Kenneth Winston | | | False | $2.00 |

| Payment Plan History: | Payment Date | | Payor Name | Participant Role | Amount |
|---|---|---|---|---|---|
| | 08/12/2006 | Payment | | | $5.76 |
| | 09/11/2006 | Payment | | | $122.46 |
| | 10/18/2006 | Payment | | | $5.53 |
| | 10/31/2007 | Payment | Ashford, Kenneth Winston | Defendant | $60.00 |
| | 02/20/2008 | Payment | | | $2.72 |
| | 03/05/2008 | Payment | | | $2.90 |
| | 05/02/2008 | Payment | | | $7.03 |
| | 05/02/2008 | Payment | | | $11.90 |
| | 06/17/2008 | Payment | Ashford, Kenneth Winston | Defendant | $4.40 |
| | 05/13/2009 | Payment | Ashford, Kenneth Winston | Defendant | $6.05 |
| | 10/23/2009 | Payment | Ashford, Kenneth Winston | Defendant | $4.45 |
| | 10/23/2009 | Payment | Ashford, Kenneth Winston | Defendant | $6.00 |

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

409

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Kenneth Winston Ashford

Page 18 of 19

## CASE FINANCIAL INFORMATION

Last Payment Date:  10/23/2009        Total of Last Payment:  -$10.45

| Ashford, Kenneth Winston<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Server Fee | $53.10 | $0.00 | -$53.10 | $0.00 | $0.00 |
| Server Fee | $229.55 | $0.00 | -$229.55 | $0.00 | $0.00 |
| Server Fee | $20.50 | $0.00 | -$20.50 | $0.00 | $0.00 |
| Constable Education Training Act (Act 44 of 1991) | $5.00 | $0.00 | -$5.00 | $0.00 | $0.00 |
| Central Processing Fee (York) | $100.00 | $0.00 | $0.00 | $0.00 | $100.00 |
| Transport Costs (York) | $29.00 | $0.00 | $0.00 | $0.00 | $29.00 |
| Constable Costs (York) | $231.55 | $0.00 | $0.00 | $0.00 | $231.55 |
| Transport Costs (York) | $29.00 | $0.00 | $0.00 | $0.00 | $29.00 |
| Transport Costs (York) | $274.50 | $0.00 | $0.00 | $0.00 | $274.50 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Photo Copies (York) | $6.05 | $0.00 | $0.00 | $0.00 | $6.05 |
| Transport Costs (York) | $29.00 | $0.00 | $0.00 | $0.00 | $29.00 |
| Transport Costs (York) | $29.00 | $0.00 | $0.00 | $0.00 | $29.00 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Subpoena Costs (York) | $27.00 | $0.00 | $0.00 | $0.00 | $27.00 |
| Transport Costs (York) | $29.00 | $0.00 | $0.00 | $0.00 | $29.00 |
| Automation Fee (York) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Clerk - County - Plea (York) | $145.00 | $0.00 | $0.00 | $0.00 | $145.00 |
| DA Felony (York) | $18.00 | $0.00 | $0.00 | $0.00 | $18.00 |
| Postage (York) | $11.00 | $0.00 | $0.00 | $0.00 | $11.00 |
| Sheriff - Felony (York) | $4.00 | $0.00 | $0.00 | $0.00 | $4.00 |
| Constable Costs (York) | $303.15 | $0.00 | $0.00 | $0.00 | $303.15 |
| DA Felony (York) | $18.00 | $0.00 | $0.00 | $0.00 | $18.00 |
| Postage (York) | $11.00 | $0.00 | $0.00 | $0.00 | $11.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

410

# COURT OF COMMON PLEAS OF YORK COUNTY

## DOCKET



**Docket Number: CP-67-CR-0002467-2008**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Kenneth Winston Ashford

Page 19 of 19

## CASE FINANCIAL INFORMATION

| Ashford, Kenneth Winston<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Total |
|---|---|---|---|---|---|
| Sheriff - Felony (York) | $4.00 | $0.00 | $0.00 | $0.00 | $4.00 |
| State Court Costs (Act 204 of 1976) | $11.75 | $0.00 | $0.00 | $0.00 | $11.75 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $17.60 | $0.00 | $0.00 | $0.00 | $17.60 |
| County Court Cost (Act 204 of 1976) | $25.65 | $0.00 | $0.00 | $0.00 | $25.65 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | -$10.45 | $0.00 | $0.00 | $24.55 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Firearm Education and Training Fund (158 of 1994) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| ATJ | $2.00 | $0.00 | $0.00 | $0.00 | $2.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | $0.00 | $0.00 | $0.00 | $250.00 |
| Costs of Prosecution - CJEA | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Prothonotary Filing Fee (York) | $43.50 | $0.00 | $0.00 | $0.00 | $43.50 |
| Photostatic Copies - Per Sheet (York) | $41.25 | $0.00 | $0.00 | $0.00 | $41.25 |
| Costs/Fees Totals: | $2,379.15 | -$10.45 | -$308.15 | $0.00 | $2,060.55 |
| Grand Totals: | $2,379.15 | -$10.45 | -$308.15 | $0.00 | $2,060.55 |

** - Indicates assessment is subrogated

AOPC 2220 - Rev 06/21/2011

Printed: 06/21/2011

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

411

2:09 P.M.

**Appeal Docket Sheet**                                        **Superior Court of Pennsylvania**

**Docket Number: 1259 MDA 2009**

**Page 1 of 4**

**June 21, 2011**

## CAPTION

Commonwealth of Pennsylvania

    v.

Kenneth Winston Ashford
    Appellant

## CASE INFORMATION

Initiating Document:        Notice of Appeal IFP

Case Status:                Closed

Case Processing Status:     March 9, 2011          Completed

Journal Number:

Case Category:              Criminal              Case Type(s):    Criminal Attempt
                                                                   Criminal Trespass
                                                                   Possession of an Instrument of Crime

## CONSOLIDATED CASES                                    RELATED CASES

## SCHEDULED EVENT

Next Event Type:                                    Next Event Due Date:

## COUNSEL INFORMATION

**Appellant**      **Ashford, Kenneth Winston**
Pro Se:            Yes
IFP Status:        Yes
    Pro Se:           Ashford, Kenneth Winston
    Address:          BY-5677, Box 244
                                     Graterford, PA 19426--0244

    Phone No:                              Fax No:

**Appellee**       **Commonwealth of Pennsylvania**
Pro Se:            No
IFP Status:
    Attorney:         Rebert, Hugh S.
    Law Firm:         York County District Attorney's Office
    Address:          129 Summit Dr
                                     York, PA 17403
    Phone No:         (717) 848-5356          Fax No:

## AGENCY/TRIAL COURT INFORMATION

Court Below:         York County Court of Common Pleas
County:              York                              Division:            York County Criminal Division
Order Appealed From: June 29, 2009                     Judicial District:   19
Documents Received:  July 22, 2009                     Notice of Appeal Filed: July 20, 2009
Order Type:          Order Entered

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

2:09 P.M.

**Appeal Docket Sheet**

**Superior Court of Pennsylvania**

**Docket Number:  1259 MDA 2009**

**Page 2 of 4**

**June 21, 2011**

OTN(s):     K6542266
Lower Ct Docket No(s): CP-67-CR-0002467-2008
Lower Ct Judge(s):  Kelley, Thomas H.
        Judge

### ORIGINAL RECORD CONTENT

| Original Record Item | Filed Date | Content Description |
|---|---|---|
| Part | October 19, 2009 | 1 |
| Transcripts | October 19, 2009 | 1 |

**Date of Remand of Record:** March 9, 2011

### BRIEFING SCHEDULE

| Appellant | Appellee |
|---|---|
| Ashford, Kenneth Winston | Commonwealth of Pennsylvania |
| **Brief** | **Brief** |
| Due: May 26, 2010   Filed: | |

**Reproduced Record**

### DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| July 20, 2009 | Notice of Appeal IFP Docketed | | |
| | | Appellant | Ashford, Kenneth Winston |
| | Comment: No Proof of Service to Lower Court Judge and Ct Rept | | |
| July 28, 2009 | Docketing Statement Exited (Criminal) | | |
| | | | Mrkobrad, Milan K. |
| August 31, 2009 | Order Directing Compliance with Pa.R.A.P. 3517 | | Due Date: September 10, 2009 |
| | | | Per Curiam |
| September 4, 2009 | Docketing Statement Received (Criminal) | | |
| | | Appellant | Ashford, Kenneth Winston |
| | Comment: 9/9/09 2nd copy of docketing stmt rec'd | | |
| October 19, 2009 | Trial Court Record Received | | |
| | | | York County Court of Common Pleas |
| November 25, 2009 | Application for Extension of Time to File Brief - First Request | | |
| | | Appellant | Ashford, Kenneth Winston |
| November 30, 2009 | Briefing Schedule Stayed Sua Sponte | | |
| | | | Superior Court of Pennsylvania |
| | Comment: Pending disposition of appellant's application for copies and transcripts | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

413

2:09 P.M.

**Appeal Docket Sheet**

**Docket Number: 1259 MDA 2009**

**Superior Court of Pennsylvania**

**Page 3 of 4**



**June 21, 2011**

| DOCKET ENTRY | | | |
| --- | --- | --- | --- |
| Filed Date | Docket Entry / Representing | Participant Type | Filed By |

**January 13, 2010**   **Remand Jurisdiction Retained**

Per Curiam

Comment: The Application for Relief filed by Appellant on 11/25/09 is GRANTED as follows:
The case is hereby REMANDED to the T/C for a period not to exceed 30 days.   During that time the T/C shall provide Appellant with copies of documents, including transcripts, relevant to this appeal.   The T/C may in its discretion direct Appellant's former counsel to provide Appellant with any copies of such documents that may be in his possession.   The Prothy of this Court shall provide copies of this order and Appellant's Motion to the T/C.
The Briefing Schedule has been vacated.   Upon the return of the certified recort to this Court, the Prothy shall establish a new Briefing Schedule.

3/16/10 - Record Returned from Trial Court and Exit a new Briefing Schedule to all Parties.

**January 13, 2010**   **Remanded to be Returned**

Superior Court of Pennsylvania

Comment: Record, Certified Order exit to L/C
1/19/10 - Rec'd Acknow. from t/c of record

**March 31, 2010**   **Application for Relief**

Appellant   Ashford, Kenneth Winston

**April 30, 2010**   **Application for Extension of Time to File Brief - First Request**

Appellant   Ashford, Kenneth Winston

**April 30, 2010**   **Order Granting Application for Extension of Time to File Appellant Brief**

Per Curiam

**May 17, 2010**   **Order Denying Application for Relief**

Per Curiam

Comment: By order entered January 13, 2010, upon motion of Appellant, this Court remanded the certified record to the trial court with instructions to provide Appellant, who is proceeding pro se, with copies of documents relevant to this appeal. The certified record was returned to this Court on March 16, 2010.
On March 31, 2010, Appellant filed an application for relief asking that the Clerk of Courts and the District Attorney be instructed to turn over to him "all surveillance footage" in the case.   The application for relief is hereby DENIED without prejudice to Appellant's right to argue in his brief for the merits panel that he is entitled to such relief.

**June 23, 2010**   **Dismissed for Failure to File Brief**

Per Curiam

**June 30, 2010**   **Application to Reinstate Appeal**

Appellant   Ashford, Kenneth Winston

**July 19, 2010**   **Order Denying Application to Reinstate**

Per Curiam

**August 19, 2010**   **Application to Reinstate Appeal**

Appellant   Ashford, Kenneth Winston

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

414

2:09 P.M.

**Appeal Docket Sheet**                                          Superior Court of Pennsylvania

**Docket Number:  1259 MDA 2009**

**Page 4 of 4**

**June 21, 2011**

### DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| September 2, 2010 | **Order Denying Application to Reinstate** | | |
| | | | Per Curiam |

Comment:  By order entered July 19, 2010, this Court denied Appellant's motion to reinstate the appeal at No. 1259 MDA 2009, which had been dismissed on June 23, 2010 because of Appellant's failure to file a brief. On August 19, 2010, Appellant filed a second motion to reinstate the appeal.  The second motion is hereby DENIED as well.  See 42 Pa.C.S. § 5505 (court may modify or rescind final order within 30 days after entry).

| March 7, 2011 | **Other** | | |
|---|---|---|---|
| | | | Supreme Court of Pennsylvania |

Comment:  Supreme Court Order dated 2/10/11 @ 503 MT 2010 denying petition for permission to file petition for review nunc pro tunc.

| March 9, 2011 | **Remitted** | | |
|---|---|---|---|
| | | | Middle District Filing Office |

| March 14, 2011 | **Acknowledgement of Record Remittal** | | |
|---|---|---|---|
| | | | Lower Court or Agency |

### DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| Final Disposition: | Yes | | |
| Related Journal No: | | Judgment Date: | June 23, 2010 |
| Category: | Disposed Before Decision | Disposition Author: | Per Curiam |
| Disposition: | Dismissed for Failure to File Brief | Disposition Date: | June 23, 2010 |
| Dispositional Filing: | | Filing Author: | |
| Filed Date: | | | |

### REARGUMENT / RECONSIDERATION / REMITTAL

Filed Date:
Disposition:
Disposition Date:
Record Remittal:     March 9, 2011

### CROSS COURT ACTIONS

| | |
|---|---|
| Docket Number: | 503 MT 2010 |
| Court Name: | Supreme |
| Short Caption: | Commonwealth v. Ashford, Pet |
| Case Status: | Closed |
| Disposition: | Administrative Closure |
| Disposition Date: | September 21, 2010 |
| Petition Reargument/Reconsideration Filed Date: | |
| Reargument Disposition: | |
| Reargument Disposition Date: | |
| Cross Court Action Type: | Case Initiation |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.

415

2:15 P.M.

**Supreme Court of Pennsylvania**



**Miscellaneous Docket Sheet**

**Docket Number: 192 MM 2010**

**Page 1 of 3**

**June 21, 2011**

### CAPTION

Commonwealth of Pennsylvania, Respondent

v.

Kenneth Winston Ashford, Petitioner

### CASE INFORMATION

Initiating Document:      Petition for Permission to File Petition for Review  Nunc Pro Tunc

Case Status:                 Closed

Journal Number:

Case Category:            Criminal                              Case Type(s):        Criminal Attempt

Criminal Trespass

Possession of an Instrument of

Crime

### CONSOLIDATED CASES                    RELATED CASES

| Docket No / Reason | Type |
|---|---|
| 503 MT 2010 | Related |
| Same Record Below | |
| Commonwealth v. Ashford, Pet | |

### COUNSEL INFORMATION

Pro Se:                       Mr. Kenneth W Ashford

Address:                     BY-5677, Box 244

Graterford, PA 19426--0244

Phone No:

Pro Se:                       Ashford, Kenneth W, Petitioner

Pro Se:                       Yes

IFP Status:

---

Attorney:                    Duane Ramseur, Esq.

York County District Attorney's Office

Address:                     York Co Judicial Center

45 N George St

York, PA 17401

Phone No:                   (717) 771-9600

Representing:              Commonwealth of Pennsylvania, Respondent

Pro Se:                       No

IFP Status:

---

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

416

2:15 P.M.

**Supreme Court of Pennsylvania**



**Miscellaneous Docket Sheet**

**Docket Number: 192 MM 2010**

**Page 2 of 3**

**June 21, 2011**

### COUNSEL INFORMATION

| | |
|---|---|
| Attorney: | Thomas L. Kearney III, Esq. |
| Address: | Office of the District Attorney |
| | York County Judicial Center |
| | 45 North George Street |
| | York, PA 17401 |
| Phone No: | (717) 771-9600 |
| Representing: | Commonwealth of Pennsylvania, Respondent |
| Pro Se: | No |
| IFP Status: | |

### SUPREME COURT INFORMATION

Appeal From:

Appeal Filed Below:

| | | | |
|---|---|---|---|
| Probable Jurisdiction Noted: | | Docketed Date: | October 13, 2010 |
| Allocatur Granted: | | Allocatur Docket No: | |
| Allocatur Grant Order: | | | |

### FEE INFORMATION

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 10/12/2010 | Petition for Leave to File PAA Nunc Pro Tunc | 53.50 | 10/13/2010 | 2010-SUP-M-001172 | 53.50 |

### INTERMEDIATE APPELLATE COURT INFORMATION

| | | | |
|---|---|---|---|
| Court Name: | Superior | Docket Number: | 1259 MDA 2009 |
| Date of Order: | June 20, 2010 | Rearg/Recon Disp Date: | July 19, 2010 |
| | | Rearg/Recon Disposition: | Reinstatement Denied |
| Judge(s): | Per Curiam | | |
| Intermediate Appellate Court Action: | | Dismissed | |
| Referring Court: | | | |

### AGENCY/TRIAL COURT INFORMATION

| | | | |
|---|---|---|---|
| Court Below: | York County Court of Common Pleas | | |
| County: | York | Division: | York County Criminal Division |
| Date of Agency/Trial Court Order: | June 29, 2009 | | |
| Order Type: | Order | | |
| OTN(s): | K6542266 | | |
| Lower Ct Docket No(s): | CP-67-CR-0002467-2008 | | |
| Lower Ct Judge(s): | Kelley, Thomas H. | | |
| | Judge | | |

### ORIGINAL RECORD CONTENT

| Original Record Item | Filed Date | Content/Description |
|---|---|---|
| | | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

2:15 P.M.

## Supreme Court of Pennsylvania



**Miscellaneous Docket Sheet**

**Docket Number: 192 MM 2010**

**Page 3 of 3**

**June 21, 2011**

**Record Remittal:**

### DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| Related Journal No: | | Judgment Date: | |
| Category: | Decided | Disposition Author: | Per Curiam |
| Disposition: | Order Denying Petition for Permission to File Petition for Review Nunc Pro Tunc | Disposition Date: | February 10, 2011 |
| Dispositional Filing: | | Author: | |
| Filed Date: | | | |

### DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| October 8, 2010 | **Application for Permission to Petition for Review Nunc Pro Tunc** | | |
| | | Petitioner | Ashford, Kenneth W |

Comments:
Petition for Leave to File A Petition for Allowance of Appeal treated as a Petition for Leave to File Petition for Review Nunc Pro Tunc

| | | | |
|---|---|---|---|
| October 19, 2010 | **No Answer Letter** | | |
| | | Respondent | Commonwealth of Pennsylvania |
| November 19, 2010 | **Praecipe for Withdrawal of Appearance** | | |
| | Commonwealth of Pennsylvania | Respondent | Rowe, Jeffrey Andrew |
| November 19, 2010 | **Praecipe for Appearance** | | |
| | Commonwealth of Pennsylvania | Respondent | Ramseur, Duane |
| February 10, 2011 | **Order Denying Petition for Permission to File Petition for Review Nunc Pro Tunc** | | |
| | | Per Curiam | |

Comments:
AND NOW, this 10th day of February, 2011, the Petition for Leave to File Petition for Allowance of Appeal Nunc Pro Tunc treated as a Petition for Leave to File Petition for Review Nunc Pro Tunc is DENIED.

| | | | |
|---|---|---|---|
| February 10, 2011 | **Order Exited** | | |
| | | | Office of the Prothonotary |
| March 7, 2011 | **Reconsideration Time Expired/Case Closed** | | |
| | | | Office of the Prothonotary |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on the docket sheets.