```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH WINSTON ASHFORD        :   CASE NO. 3:11-CV-1060
                               :
        Petitioner             :   (Judge Nealon)
                               :
   v.                          :   (Magistrate Judge Smyser)
                               :
MIKE WENEROWICZ, et al.,       :
                               :
        Respondents            :
```

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The petitioner, Kenneth Ashford, has filed a 28 U.S.C. § 2254 petition in which he claims that his federally protected rights were violated in his 2009 York County Court of Common Pleas trial.  The petitioner was convicted of attempted burglary and related crimes based on his attempt to break into the York County Courthouse.  He was sentenced to 5½ to 11 years imprisonment.

He claims that his Sixth Amendment right to the effective assistance of counsel was violated.  He claims that

the prosecution did not provide him access to exculpatory evidence prior to his trial and that the prosecution tampered with evidence, in violation of his due process rights.  He also claims a due process violation in the process of jury selection and in the jury's racial composition.

The respondents filed a response to the petition, asserting that the petitioner procedurally defaulted his claims in state court and that none of his claims has merit.  Ashford filed a reply.  This petition can be addressed and decided by the court on the basis of the record presently before the court inasmuch as the petitioner has procedurally defaulted his claims and has not shown either cause and prejudice or a miscarriage of justice.

II. Procedural Default.

    A. Applicable Law.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c).  This requirement serves the

2

interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)("Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). To have been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to

3

the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.  In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254(c). *Lambert v. Blackwell,* 387 F.3d 210, 233 (3d Cir. 2004).

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); See also, *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'").  A

procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Id.* Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.* To establish "cause" for a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

    B.   Default.

The respondents have set forth a complete statement of the background of this case in their Response, Doc. 20, pages 1-4. All of the claims currently being raised by Ashford were raised in the trial court and in the Pennsylvania Superior Court. But the Superior Court did not address the merits of

5

any of Ashford's claims because it dismissed his appeal on procedural grounds: Ashford had not filed a brief in support of his appeal. He has no remaining state judicial remedies and accordingly he may be seen to have exhausted available potential judicial remedies in state court or exhaustion may be seen to appropriately be excused. Not only has his right to a direct appeal become barred and unavailable to him but, also, his right to bring a PCRA has become time-barred under state law because he did not bring such a petition within one year after his judgment of sentence had become final.

     C. Cause and Prejudice/Miscarriage of Justice.

     Ashford has not shown cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default.

     He does not establish that he had cause for failing to file a brief in support of his appeal. He also does not establish that he had cause for allowing the ensuing thirteen months after the Superior Court dismissal of his appeal to pass

without filing a PCRA petition raising claims that he now seeks to raise in federal court.

Ashford asks the court to excuse his procedural default on the basis of actual innocence.

> A district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court. 28 U.S.C. § 2254(b). However, there is a narrow class of cases in which, in order to avoid a fundamental miscarriage of justice, evidence of a petitioner's actual innocence can excuse his failure to exhaust his state court remedies. A case in which a petitioner seeks to excuse his procedural default by advancing a claim of actual innocence is known as a "gateway" case. In a gateway case the court initially examines the question of whether a petitioner's procedural default should be excused, thereby allowing him to present evidence of a constitutional violation that infected his original trial.

*Houck v. Stickman,* 625 F.3d 88, 93 (3d Cir. 2010)(citations and footnote omitted). *See Schlup v. Delo*, 513 U.S. 298 (1995). Ashford seeks to have the court find him actually innocent both as a gateway to excusing his failure to exhaust his state judicial remedies and also as a "freestanding" basis to grant him habeas relief.

7

Ashford alleges that he is actually innocent of the crimes of which he was convicted. But the trial transcript, which is part of the record in this case, shows that the evidence against Ashford was of such probative weight and strength that it is fanciful to suppose that the assertions advanced by him would cause a reasonable juror to find him not guilty of the charged offenses. Ashford was caught on video attempting to break into the York County Courthouse. He claims that the person whose presence and conduct at an alleyway Courthouse door was video-recorded was not him. But there is not any reason why a reasonable fact finder would agree with him, since the evidence established that the video-recorded person was apprehended immediately and without any lapse in continuity of observation. The trial court stated at sentencing, "not only was the case proven beyond a reasonable doubt, but it was as close to beyond all doubt as a criminal case can get." (Doc. 20-2, page 8). A review of the trial transcript bears out this assessment of the nature of the proof.

III. Recommendations.

The petitioner has not shown cause for his default, and, there is not any colorable basis for any claim of innocence or of a miscarriage of justice. There is not a basis to consider addressing the merits of Ashford's claims, which he did not present in a procedurally correct manner to the state appellate courts.

The petitioner filed a motion for summary judgment. He also filed a request for bail. Both motions should be denied. A summary judgment motion is not an appropriate dispositive motion in a § 2254 habeas corpus proceeding. *See* Rules Governing Section 2254 Cases in the United States District Courts. Rule 12 provides that the Federal Rules of Civil Procedure may be applied to a § 2254 habeas corpus petition proceeding to the extent that the Rules of Civil Procedure are not inconsistent with the statute or with the Section 2254 Rules. Rule 56 of the Federal Rules of Civil Procedure is inconsistent with 28 U.S.C. § 2254, with related statutory provisions, and with the § 2254 Rules. The motion for bail

should be denied because the petitioner in a Section 2254 case is not generally entitled to a federal court order releasing him on bail. *See United States ex rel. Maybee v. Duggan,* 394 F.2d 824 (3d Cir. 1968). Ashford is not entitled to a consideration for an order releasing him because he has not shown actual innocence or a miscarriage of justice.

It is accordingly recommended that the petition for writ of habeas corpus be denied. It is recommended that the request for bail (Doc. 11) and the motion of the petitioner for summary judgment (Doc. 17) be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: October 6, 2011.

10