IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH W. ASHFORD,<br>Petitioner<br><br>v.<br><br>MIKE WENEROWICZ, et al.,<br>Respondents | CIVIL NO. 3:11-CV-1060<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE SMYSER) |

**MEMORANDUM**

On March 9, 2011, Petitioner, Kenneth W. Ashford, an inmate currently confined at the State Correctional Institution in Graterford, Pennsylvania ("SCI- Graterford") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). Petitioner challenged his 2009 conviction in the Court of Common Pleas of York County for Attempted Burglary and related crimes. (Id.).[1] On May 27, 2011, the action was transferred to this Court from the Eastern District of Pennsylvania. (Docs. 3-5). Petitioner filed a request for bond on June 17, 2011, (Doc. 11), and a motion for summary judgment on July 20, 2011, (Doc. 17). On September 2, 2011, Respondents filed a response to the habeas corpus petition, (Doc. 20), and a traverse was filed on September 22, 2011, (Doc. 21). On October 6, 2011, Magistrate Judge J. Andrew Smyser issued a Report and Recommendation ("R&R") concluding that the habeas petition should be dismissed and Petitioner's remaining motions should be denied. (Doc. 22). Petitioner filed objections to the R&R on October 21, 2011. (Doc. 23). On January 17, 2012, Petitioner filed a motion for

---

[1] Petitioner requested a stay of the habeas proceedings pending resolution of his civil rights action for excessive force against the arresting officers. (Doc. 1); see Ashford v. Brady, et al., 1:10-cv-264 (M.D. Pa. February 3, 2010). However, on May 10, 2011, judgment was entered in favor of the defendants and that case was closed. See Ashford, 1:10-cv-264 at (Doc. 63).

appointment of counsel. (Doc. 25). For the reasons set forth below, the R&R will be adopted and Petitioner's motions will be denied.

**Standard of Review**

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

**Discussion**

In the Report, Magistrate Judge Smyser thoroughly explains a state prisoner's duty to exhaust state remedies before filing a federal habeas claim and the limited ability of a federal court to consider procedurally defaulted claims. See (Doc. 22, pp. 2-5). The R&R finds that Petitioner's claims were previously raised in the trial court and on direct appeal; however, the Pennsylvania Superior Court did not address their merits because Petitioner failed to file a brief in support of his appeal. (Id. at pp. 5-6). The Magistrate Judge determines that Petitioner has no remaining state judicial remedies because his direct appeal is barred and his time to file a post

conviction petition in the trial court has expired. (Id.). Accordingly, because Petitioner's claims are procedurally defaulted, federal habeas review is only permitted if he can demonstrate cause for the default and actual prejudice resulting from the alleged violation of federal law, or show that failure to consider the claims will result in a fundamental miscarriage of justice. (Id.); see Bennett v. Rozum, 2008 U.S. Dist. LEXIS 29606, *17-18 (M.D. Pa. 2008) (Jones, J.) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

The R&R concludes that Petitioner does not establish cause to excuse his procedural default. (Doc. 22, pp. 6-7). Specifically, Petitioner does not show cause for failing to file a brief in support of his appeal. (Id.). Further, Magistrate Judge Smyser finds that Petitioner does not establish cause for failing to file a post conviction petition in the thirteen (13) months after his direct appeal was dismissed. (Id.).

Petitioner objects to this determination, arguing that his attorney timely filed an appeal brief in the Pennsylvania Superior Court but because the attorney had failed to enter his appearance on behalf of Petitioner, the Court returned the brief unfiled. (Doc. 23, pp. 4-5). Petitioner asserts that he filed two (2) motions in the Superior Court asking that his appeal be reinstated and a petition for allowance of appeal nunc pro tunc in the Pennsylvania Supreme Court, all of which were denied. (Id.). Petitioner cites Cannon v. Berry, 727 F.2d 1020, 1022 (11th Cir. 1984), for the position that counsel's failure to file a brief on direct appeal constitutes ineffective assistance of counsel, and asserts that he has therefore established cause. (Id.).

After de novo review, this Court will adopt the R&R. Although Petitioner is correct that ineffective assistance of counsel is cause for a procedural default, he is required to first present the ineffective assistance claim to the state courts before being able to use it to establish cause for

a procedural default. See Houck v. Stickman, 625 F.3d 88, 92 (3d Cir. 2010) (quoting Murray v. Carrier, 477 U.S. 478, 488-89 (1986)); Rouzer v. Diguglielmo, 2010 U.S. Dist. LEXIS 66096, *22 (M.D. Pa. 2010) (Jones, J.) (holding that "ineffective assistance of counsel is an independent constitutional claim and will not establish cause for procedural default of another claim unless the ineffective assistance of counsel claim was first raised in state court"); Kirkland v. Sobina, 2007 U.S. Dist. LEXIS 89047, *20-21 (M.D. Pa. 2007) (Rambo, J.). Petitioner did not file a post conviction petition and therefore did not present the ineffectiveness claim, regarding counsel's failure to file an appellate brief, to the state courts. Further, Petitioner does not allege cause for his failure to seek post conviction relief. Accordingly, Petitioner's objections in this regard will be overruled.

Next, Magistrate Judge Smyser determines that Petitioner has not shown actual innocence. (Doc. 22, pp. 8-9). The R&R explains that Petitioner "was caught on video attempting to break into the York County Courthouse." (Id.). The Magistrate Judge, after reviewing the trial transcripts, agrees with the trial court's statement at sentencing that "'not only was the case proven beyond a reasonable doubt, but it was as close to beyond all doubt as a criminal case can get.'" (Id.), citing (Doc. 20-2, p. 8).

In his objections, Petitioner argues that the video shown at trial was not the same one presented at his preliminary hearing and alleges that it was deliberately tampered with. (Doc. 23, pp. 8-15). Petitioner asserts that none of the state's witnesses identified him as the individual attempting to break into the courthouse and that Officer Brenneman could not identify Petitioner as the individual in the video. (Id. at p. 10). He contends that Officer Brady did not see him, or anyone, attempting to enter the building. (Id.). Further, Petitioner alleges that the prosecution

withheld exculpatory evidence, a hat and gloves, by falsely claiming to have returned them to him and by introducing a fraudulent property sheet. (Id. at pp. 15-17). Petitioner asserts that he has shown actual innocence. (Id. at pp. 17-18).

After de novo review, Petitioner's objections will be overruled. Importantly, the "miscarriage of justice exception is concerned with actual as compared to legal innocence." Calderon v. Thompson, 523 U.S. 538, 559 (1998). "Proving a fundamental miscarriage of justice, 'requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Bennett v. Rozum, 2008 U.S. Dist. LEXIS 29606, *18 (M.D. Pa. 2008) (Jones, J.) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327-28 (internal citations omitted). The petitioner must present new, reliable evidence of his innocence that was not presented at trial. Bennett, 2008 U.S. Dist. LEXIS 29606 at *18. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Schlup, 513 U.S. at 316. "Only if a petitioner presents new, reliable evidence to support his claim does the court reach the second step of determining 'whether it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Bennett, 2008 U.S. Dist. LEXIS 29606 at *19-20. "This test places 'a very high burden' on the petitioner and is only satisfied in 'extraordinary instances.'" Id., 2008 U.S. Dist. LEXIS 29606 at *18 (citing Goldblum v. Klem, 510 F.3d 204, 225 (3d Cir. 2007)).

Initially, this Court finds that Petitioner has not presented any "new" evidence. Petitioner's argument that the videotape shown at trial was tampered with was presented to the jury. See (Doc. 20-2, p. 67, Trial Court's Opinion dated October 7, 2009) (stating that Petitioner's "challenge [to] the authenticity of the VHS tape... was argued to the jury by [Petitioner's] counsel."). Additionally, Petitioner's counsel cross-examined Corporeal McCune at trial regarding the video recording. (Id.). Testimony about the hat and gloves was also presented during trial and Petitioner, through counsel, was able to cross-examine Corporeal Brady regarding the property inventory forms. (Id. at pp. 61-62). Finally, Petitioner's trial counsel questioned Officer Brenneman and Corporeal Brady about what they saw and argued the insufficiency of this evidence to the jury. See (Doc. 20-1). Accordingly, because Petitioner has not presented any "new, reliable evidence to support his claim", this Court need not decide "whether it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." See Bennett, 2008 U.S. Dist. LEXIS 29606 at *19-20.

Regardless, after de novo review of the trial transcripts, this Court agrees with Magistrate Judge Smyser that there was more than sufficient evidence to support the jury's guilty verdict. See (Doc. 22, p. 8). Trial testimony established that on March 17, 2008, at approximately 3:00 A.M., Petitioner was seen attempting to break into the York County Courthouse and arrested. (Doc. 20-1, pp. 78-80). Deputy Brenneman testified that he observed, on video, an individual looking through the blinds of the Sheriff's department at the courthouse then pull a "skinny-type tool" out of his pocket. (Id. at p. 85). At this point, Deputy Brenneman stepped away from the video monitors for a few seconds to let Corporal Brady into a secured area to check on the individual. (Id. at p. 86). Deputy Brenneman returned to watch the live video feed and observed

the individual kneel down and pry the door partly open with the tool. (Id.). He informed Corporal Brady of everything he saw on video and watched Corporal Brady take the suspect into custody. (Id. at p. 87). Corporal Brady then testified at trial that he observed, on video, an individual at the loading dock walk toward the doors. (Id. at pp. 147-148). He left to go to the location and when he arrived, the same individual was seen walking off the step to the doors. (Id. at pp. 149-151). Corporal Brady took the suspect into custody and identified that suspect, at trial, as Petitioner. (Id. at pp. 151-52). Based on this testimony, this Court rejects Petitioner's actual innocence claim and his objections to the R&R will be overruled.

**Appointment of Counsel**

Recently, Petitioner filed a motion to appoint counsel. (Doc. 25). Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, Coleman v. Thompson, 501 U.S. 772, 752 (1991), the court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require. . ." See 18 U.S.C. § 3006A(a)(2); Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a petitioner overcomes this

threshold hurdle, other factors to be examined are:

(1) the claimant's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4) the claimant's capacity to retain counsel on his or here own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

As this Memorandum explains, the habeas corpus petition does not have arguable merit. Accordingly, the motion for appointment of counsel will be denied. See id. This Court notes that the remaining factors also weigh against the appointment of counsel because Petitioner has demonstrated the ability to present comprehensible arguments, the legal issues are relatively simple, and the case does not require expert testimony.

**Conclusion**

Upon de novo review, this Court will adopt the R&R. Magistrate Judge Smyser correctly determines that Petitioner's claims are procedurally defaulted and that he has shown neither cause to excuse the default or that failure to review the claims will result in a fundamental miscarriage of justice. Consequently, the habeas corpus petition will be dismissed. In light of dismissal of the habeas petition, Petitioner's remaining motions will be denied.

A separate Order will be issued.

Date: February 7, 2012

*[signature]*
**United States District Judge**